No. 44,928

STATE OF KANSAS, *Appellee,* v. ROBERT A. GAUGER, JR., *Appellant.*

(438 P. 2d 463)

Opinion filed March 9, 1968.

*William R. Brady,* of Topeka, argued the cause and was on the brief for the appellant.

*Joseph J. Dawes, Jr.,* County Attorney, argued the cause and *James N. Snyder, Jr.,* Assistant County Attorney, was with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: The appellant Robert A. Gauger, Jr., appeals from a verdict of guilty and a judgment convicting him of robbery in the first degree committed on July 2, 1966. He was sentenced under the Habitual Criminal Act to the Kansas State Penitentiary for a term of not less than twenty nor more than forty-two years. (K. S. A.

21-530 and 21-107a.) The enhanced penalty was based upon one prior conviction of a felony committed in Leavenworth county on September 25, 1965. (Case No. 9892.)

The points raised in the motion for a new trial and in the specifications of error have been condensed in appellant's brief and in his argument to two questions relating to the evidence introduced at the trial.

Evidence introduced by the prosecution indicated that Bernard R. Mullin, hereafter referred to as the victim, was knocked down and robbed of fourteen dollars on the streets of Leavenworth, Kansas, at approximately 2:00 a. m. on July 2, 1966. Two eyewitnesses to the incident were standing on a street corner near the scene of the alleged crime. Shortly after the incident the victim talked with these eyewitnesses and then hailed two officers who were approaching in a patrol car.

The appellant Gauger, in the meantime, had entered a car parked at the street curb and remained in the car until the officers arrived. The officers talked with the victim a few minutes and then proceeded the short distance to the parked car in which appellant and two companions were seated. The officers testified that the appellant either was asleep in the car or was feigning sleep. They found fourteen dollars ($14.00) in currency between the seat cushion and the left side of the car where the appellant was seated.

Appellant contends the trial court erred in admitting the fourteen dollars in currency into evidence. He argues the money was not found in his possession, it was not identified as belonging to the victim, there was no evidence to lend probative force to this currency and it was not relevant evidence.

We believe this currency was relevant evidence and properly admitted at the trial.

The victim testified he had approximately fourteen dollars ($14.00) in his billfold prior to the incident. He further testified in substance as follows: He was walking along the sidewalk when appellant called to him. After stopping and walking to the car, he looked in to see who had called to him. He received a blow in the face which knocked him back against a brick building. He fell to the sidewalk. The appellant after knocking him down got out of the car and assisted him to his feet and, in the process of helping him to his feet, took the billfold from his left hip pocket. The victim

was dazed and after walking a short distance discovered that the currency had been taken from his billfold.

The two eyewitnesses who were standing on the street corner corroborated the victim's story and both testified they saw appellant lift the billfold from the victim as he helped the man to his feet. They saw the billfold in appellant's hand but neither of them saw the billfold returned. They did not see any currency being taken from the billfold.

One of the officers testified he noticed a portion of the currency protruding from beneath the car cushion as he was standing beside the car. The seat of the car was dusty but the currency appeared clean and freshly placed beside the seat. The currency was taken after a lawful arrest was made upon probable cause. No question is raised concerning the legality of the seizure of this evidence.

The case of *In re Estate of Isom*, 193 Kan. 357, 394 P. 2d 21 holds: (Syl. 2.)

"For evidence to be admissible in the trial of a case it must be confined to the issues, but it need not bear directly upon them. To render evidence of collateral facts competent, there must be some natural, necessary or logical connection between them and the inference or result which they are designed to establish."

Similar tests of relevancy appear in 29 Am. Jur. 2d Evidence § 252 and in 31A C. J. S. Evidence § 158.

Our statute, K. S. A. 1967 Supp. 60-401 sets forth the following definitions:

"(*a*) 'Evidence' is the means from which inferences may be drawn as a basis of proof in duly constituted judicial or fact-finding tribunals, . . .

"(*b*) 'Relevant evidence' means evidence having any tendency in reason to prove any material fact."

The location of the currency when found (beside the appellant) and the amount thereof ($14.00) had a strong tendency in reason to prove facts material in the case. The currency had a natural and logical connection under the circumstances shown by the evidence to raise a strong inference that appellant took the money from the billfold and then hid it beside him to prevent the officers from finding the fruits of the crime on his person.

In *State v. Greenwood*, 197 Kan. 676, 421 P. 2d 24, we said:

". . . Our law recognizes that the jury shall be the exclusive judge of all material questions of fact. Likewise, the jury is entitled to draw reasonable inferences from the evidence and is the judge of the inferences as well as of the established facts. (*State v. Jensen*, 197 Kan. 427, 417 P. 2d 273.)" . . . (p. 686).

Implicit in the verdict of the jury was a finding that appellant took this currency from Bernard R. Mullin's billfold after knocking him down with an intent to rob him.

Appellant's second and final contention is there is no basis in the evidence for a reasonable inference of guilt. We do not need to further detail the evidence introduced at the trial. The rule of law upon which the contention is based was set forth in *State v. Scoggins,* 199 Kan. 108, 427 P. 2d 603, as follows:

> "When considering the sufficiency of circumstantial evidence to sustain a conviction of crime on appeal, the question is not whether the evidence is incompatible with any reasonable hypothesis except guilt. That question was for the jury and trial court. The function of the appellate court is limited to ascertaining whether there was a basis in the evidence for a reasonable inference of guilt. (*State v. Crosby,* 182 Kan. 677, 324 P. 2d 197; 76 A. L. R. 2d 514, and authorities cited therein at page 685 of the official report.)" (p. 111).

(See also *State v. Patterson,* 200 Kan. 176, 434 P. 2d 808.)

We have applied the rule to the present case and find ample basis in the evidence for a reasonable inference of guilt. The record of trial, in addition to the testimony of the victim of the robbery, includes the testimony of two eyewitnesses and two police officers who arrived on the scene shortly after the robbery occurred.

We must now turn to the question of the enhanced penalty imposed under K. S. A. 21-107a. Appellant's present sentence of not less than twenty (20) years nor more than forty-two (42) years rests upon a prior conviction of felony in the District Court of Leavenworth County, Kansas, Case No. 9892. That conviction was set aside by this court in *State v. Gauger,* 200 Kan. 515, 438 P. 2d 455. Such reversal leaves no prior conviction upon which the enhanced penalty may rest. That case (No. 44,749) was reversed and remanded for a new trial. Regardless of the outcome of a second trial of the case this court has held it is a prerequisite that the prior conviction or convictions relied on to enhance the punishment as authorized by the Habitual Criminal Act precede the commission of the principal offense. (*State v. Felton,* 194 Kan. 501, 399 P. 2d 817.)

The fact appellant's sentence is now improper does not entitle him to release from custody. The record is clear in the present case that the defendant was properly charged and convicted by a jury of the crime of robbery in the first degree as defined in K. S. A.

21-527 and that proper sentence should be imposed under K. S. A. 21-530.

Therefore, under the authority of *State v. Felton*, supra, and cases cited therein the appellant Robert A. Gauger, Jr., should be returned to the District Court of Leavenworth County, Kansas, to be resentenced. The time the new sentence begins to run should date back to the time the previous sentence commenced to run. (*State v. Cox*, 194 Kan. 120, 397 P. 2d 406.)

The judgment of the trial court is affirmed as modified and the case is remanded to the trial court with directions to have the appellant returned for resentencing in the original case in accord with the views expressed herein.