**Marvin HUTCHERSON, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 782S253.

Supreme Court of Indiana.

Nov. 19, 1982.

Susan K. Carpenter, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia Sue Stanley, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Marvin Hutcherson, is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. He was convicted by a jury on January 28, 1977, of four counts of unlawful delivery of heroin and was sentenced to three terms of five years and one term of twenty-two years, all to be served concurrently. His convictions on three counts were affirmed by this Court on October 4, 1978. *Hutcherson v. State,* (1978) 269 Ind. 331, 380 N.E.2d 1219. We found in that case that both Counts IV and V were based on a single sale of heroin but the added element of a prior conviction was alleged and proved in Count V, pursuant to Ind. Code § 35–24.1–4.1–1(b) (Burns 1975).[1] Therefore, we found that the harsher sen-

tence provided on Count V should replace the lesser sentence and ordered the trial court to vacate judgment and sentence on Count IV.

The prior conviction which the state used in Count V was a May 27, 1976 conviction for possession of over ten grams of heroin. After our original affirmance of the instant case, the Indiana Court of Appeals handed down an opinion concerning the May 27, 1976 conviction. *Hutcherson v. State,* (1978) Ind.App., 381 N.E.2d 877. There, the court found that the state had not presented sufficient evidence to show that Hutcherson possessed over ten grams of pure heroin and ordered that the "judgment of conviction be modified to that of possession of less than ten grams." *Id.* at 881. The record shows that this direction was substantially followed by the trial court on May 7, 1979. However, the trial court's entry stated that the judgment and conviction for possession of more than ten grams of heroin was vacated and set aside and judgment of guilty for possession of less than ten grams was entered.

The petitioner brought this petition for post-conviction relief on the theory that his original May 27, 1976 conviction had been vacated and there was, therefore, no prior conviction available as a basis for Count V in the instant case. The trial court hearing the petition found that the prior conviction had been modified and that this modification did not require the court to vacate the judgment on Count V. The court found that the controlling statute did not require that a prior conviction be for the possession of an amount over ten grams. A careful consideration of the statute convinces us that the trial court's findings were correct.

■ The statute in question, Ind.Code § 35–24.1–4.1–1, *supra,* reads in pertinent part:

"(b) Unlawful dealing in a controlled narcotic substance is a felony punishable by a determinate term of imprisonment of not less than twenty [20] years nor

---

1. This statute was repealed by Acts 1976, P.L. 148, § 24. The new statute, effective October 1, 1977, does not contain a recidivist provision. Ind.Code § 35–48–4–1 (Burns 1979 Repl.).

more than life and a fine not to exceed five thousand dollars [$5,000] if the amount of the controlled narcotic substance involved is an aggregate weight of ten [10] grams or more, *or if the person has previously been convicted of a felony other than unauthorized possession of marijuana, involving a schedule I or II controlled substance which is a narcotic drug.* Otherwise unlawful dealing in a controlled substance is a felony punishable by a determinate term of imprisonment of not less than five [5] years nor more than twenty [20] years and a fine not to exceed two thousand dollars [$2,000]. [IC 1971, 35–24.1–4.1–1 as added by Acts 1975, P.L. 338, § 3, p. 1793.]" [Emphasis added.]

This statute does not specify that a prior conviction be for the possession of a certain amount of a controlled substance but simply states that the prior conviction must be "a felony ... involving a schedule I or II controlled substance which is a narcotic drug." *Id.* Possession of less than ten grams of heroin is designated as a felony but is given a smaller fine and lesser sentence than the felony for possession of over ten grams. *Id.* Thus, the conviction on the lesser included offense met the requirements of the recidivist section of the statute.

Furthermore, it is the general rule that a judgment holds fast as a final determination until such time as it may be reversed. There was no reversal of petitioner's prior conviction in this case, as the Court of Appeals' opinion clearly indicated it was modified and not reversed. Therefore, this prior judgment remained a felony conviction and the conviction on the lesser included offense still met the requirements of the recidivist provision in the relevant statute.

The trial court did not err in denying the petition for post-conviction relief and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.