William F. OLINGER, Appellant,

v.

STATE of Indiana, Appellee.

No. 985S366.

Supreme Court of Indiana.

June 26, 1986.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

This is an appeal from the overruling of appellant's Motion to Set Aside Habitual Offender Enhancement after one of the two underlying offenses supporting the enhancement was vacated in the court of conviction. On May 19, 1982, appellant was found guilty of Burglary, a Class C felony, and found to be an habitual criminal. A sentence of thirty-seven (37) years imprisonment resulted.

In 1983 appellant successfully prosecuted a post-conviction relief petition to set aside a 1969 felony conviction in the White Circuit Court. The White Circuit Court felony conviction was one of the supporting felony convictions used in the habitual offender conviction in the Carroll Circuit Court. Following his success in the White Circuit Court, appellant filed his petition in the Carroll Circuit Court as set out above.

The trial judge in the Carroll Circuit Court denied relief on the theory that appellant never raised any objection to the 1969 White Circuit Court conviction during his original trial in the Carroll Circuit Court. The trial judge observed that appellant took the stand and admitted the conviction and that he had served twenty-one months of the sentence. He points out the White Circuit Court conviction was not void but merely voidable; therefore, since it was in full force and effect at the time of the conviction in the Carroll Circuit Court, the fact that it was subsequently set aside should not be grounds to now set aside the Carroll Circuit Court's ruling on the habitual criminal status. He further points out the grounds for setting aside the White Circuit Court conviction were as well-known to the appellant at the time of trial on the habitual offender phase as they were two years later when he subsequently moved to set aside the judgment.

This Court has previously ruled that a collateral attack on previous convictions is not available to a defendant on an habitual criminal charge. *Jones v. State* (1981), Ind., 425 N.E.2d 82. This Court has also ruled a defendant could not have a continuance for the purpose of attacking one of the supporting convictions on an habitual offender charge. *Williams v. State* (1982), Ind., 431 N.E.2d 793.

Appellant had every right to file his post-conviction relief petition with the White Circuit Court. His success in that case left the habitual offender finding in the Carroll Circuit Court without one of the necessary supporting prior convictions. Thus the Carroll Circuit Court has no choice but to vacate the thirty (30) year portion of the sentence which was based upon the habitual offender status.

The trial court is reversed and the cause is remanded for correction of the sentence consistent with this opinion.

DeBRULER, PIVARNIK and DICKSON, JJ., concur.

SHEPARD, J., concurs with separate opinion.

SHEPARD, Justice, concurring.

While I concur that a petition for post-conviction relief was the only method by which appellant Olinger could challenge the

validity of the felony convictions which were the basis for the later finding that he was an habitual offender, I note the conclusory nature of our finding that his success in that effort leads ineluctably to vacating the habitual offender sentence. This is a question which has been litigated in Indiana in only the most tangential way, *Pennington v. State* (1981), Ind., 426 N.E.2d 408, and I can find only one other state in which the matter has been addressed directly. *State v. Gauger* (1968), 200 Kan. 563, 438 P.2d 463. Whether today's result is required by the Code or by the Constitution, or whether it is required at all, has never been directly addressed by this Court.

However, the question is not before us, as the State chose to respond to Olinger's petition by arguing that he should have challenged the predicate felonies during the habitual offender proceeding. Accordingly, I join the Court's disposition of the case.