Jeffrey R. BROWN, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 49A02–9109–PC–00423.

Court of Appeals of Indiana,
Second District.

May 10, 1993.

Rehearing Denied Aug. 9, 1993.

Douglas R. Brown, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

FRIEDLANDER, Judge.

### CASE SUMMARY

Appellant-petitioner Jeffrey R. Brown (Brown) appeals his conviction for operating a motor vehicle while intoxicated with a prior conviction [1] as a result of a guilty plea, claiming that he is entitled to reversal because the two prior unrelated misdemeanor convictions for driving while intoxicated, which served as the basis for the class D felony charge, were vacated by virtue of the trial court's granting of his petitions for post-conviction relief.

We affirm the trial court's denial of Brown's petition for post-conviction relief, but remand this cause with instructions that the judgment of conviction for driving while intoxicated be entered as a class A misdemeanor.

### FACTS

The facts most favorable to the judgment are that Brown was convicted in Jackson County, Indiana upon a plea of guilty, for operating a motor vehicle while intoxicated on April 4, 1984. On January 14, 1985, Brown pled guilty to a misdemeanor drunk driving charge in North Vernon, Indiana.

The State charged Brown with a count of driving while intoxicated which occurred in Marion County, Indiana on November 9, 1989. At that time, Brown was charged with operating a motor vehicle while intoxicated with a prior conviction as a class D felony, public intoxication, and disorderly conduct. The stated predicate offense

---

1. Ind.Code 9–11–2–3 (1988). This statute was repealed in 1991 and is now recodified as 9–30–5–3, which provides that:
   "A person who violates section 1 or 2 of this chapter commits a Class D felony if:
   (1) the person has a previous conviction of operating while intoxicated; and;

(2) the previous conviction of operating while intoxicated occurred within the five (5) years immediately preceding the occurrence of the violation of section 1 or 2 of this chapter."

upon which the felony charge was based was Brown's North Vernon conviction.

In December 1989, Brown agreed to plead guilty to the felony charge of operating a motor vehicle while intoxicated with a prior conviction in return for dismissal of all other charges, and imposition of the following sentence under the alternative misdemeanor sentencing provisions:[2]

"The Court does impose sentence under the alternate misdemeanor sentence provision of the statute, 35–50–2–7 for a Class A Misdemenaor [sic] notwithstanding that fact that a Class D Felony has been committed. And, Defendant is committed to the Marion County Jail for three hundred and sixty-five (365) days with three hundred and eleven (311) days suspended; credit for twenty-seven (27) actual and twenty-seven (27) credit days; three hundred and sixty-five (365) days...."

*Record* at 71. Brown's plea also provided for a one-year driver's license suspension, and he was ordered to pay fines and costs.

On March 19, 1990, the North Vernon City Court vacated Brown's prior conviction pursuant to a petition for post-conviction relief. The Jackson county conviction was also set aside on December 14, 1990. Both convictions were vacated on the grounds that Brown was not properly advised of his constitutional rights at the time of his pleading guilty.

On December 18, 1990, Brown petitioned for post-conviction relief, seeking an order to vacate the Marion County conviction because the North Vernon and Jackson County convictions were set aside. A hearing was conducted on April 12, 1991, and Brown testified that had he known that the prior convictions were invalid, he would not have pled guilty to the Marion County charge.

The trial court denied Brown's request for relief.

ISSUE

Did the trial court err in denying Brown's petition for post-conviction relief?

*PARTIES' CONTENTIONS*—Brown argues that because he pled guilty to the Marion County offense with the belief that the North Vernon and Jackson County convictions were valid, the post-conviction court erred in refusing to set aside the Marion County conviction once the previous convictions were vacated. The State responds that Brown suffered no prejudice when the post-conviction court refused to vacate the Marion county guilty plea because the trial court sentenced Brown as a class A misdemeanant.

*CONCLUSION*—Brown's petition for post-conviction relief was properly denied.

We initially observe that this issue is a novel one in Indiana, and we have found no reported cases directly on point in any jurisdiction. Many Indiana cases have involved a defendant's collateral attack on prior convictions due to constitutional infirmities evident on the face of those convictions. Several cases have determined that those invalid convictions could not serve as a basis for an enhanced sentence. *See e.g. Olinger v. State* (1986), Ind., 494 N.E.2d 310 (setting aside a prior conviction required that thirty-year portion of defendant's sentence for subsequent offense based upon habitual offender status be vacated); *see also Coble v. State* (1986), Ind., 500 N.E.2d 1221.

While *Olinger* and *Coble* recognized that a sentence *enhancement* under the habitual offender statute may not stand when the underlying conviction is vacated, other cases have rejected a defendant's argument that a conviction must be set aside when a particular statute imposes sanctions for violations committed when the defendant has the mere status of having the conviction. *See e.g. Lewis v. United States* (1980), 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (conviction under "felon in possession of a gun" statute is not invalidated

---

**2.** Ind.Code 35–50–2–7(b) (1988) provides in relevant part as follows: "Notwithstanding subsection (a), [which prescribes the sentencing range for the commission of a class D felony], if a person has committed a Class D felony, *the court may enter judgment of conviction of a Class A misdemeanor and sentence accordingly....*"

when the underlying felony conviction is vacated due to constitutional infirmity); *Gentry v. State* (1988), Ind.App., 526 N.E.2d 1187, *trans. denied* (defendant charged with driving without a license may not defend on the grounds that the convictions underlying his license suspension in accordance with the habitual traffic offender statute were constitutionally infirm).

It is clear that Brown's North Vernon and Jackson County convictions may not support the elevation of the Marion County offense to a class D felony. *See Coble, supra; Olinger, supra.* The record before us reflects that Brown pled guilty to the offense of driving while intoxicated with a prior conviction with the understanding that he be sentenced as a class A misdemeanant.

At the guilty plea hearing, the following exchange occurred:

"THE COURT: Now, have you had a Court to enter judgment and conviction for a Class, ah, D Felony—a Class A Misdemeanor, rather, where you've committed a Class D Felony before?

*DEFENDANT:* No.

THE COURT: Okay. If you have not, ah, then, ah, alternate misdemeanor sentencing is a possibility in this case. And, the maximum that can be imposed on your conviction of the offense as a Class, ah, A Misdemeanor is, ah, five days— well, a five thousand dollar fine and one year imprisonment. And the minimum would be no time, no period of incarceration. Do you understand?

*DEFENDANT:* Yes, Sir.

.    .    .    .    .

*THE COURT: Now, this agreement provides for alternate misdemeanor sentence. . . . Is that your agreement?*

*DEFENDANT: Yes, Your Honor.*"

*Record* at 56, 64 (emphasis supplied).

Even though the prior convictions were set aside after Brown pled guilty to the Marion County offense, it is clear that he *did* plead guilty to the offense of driving

while intoxicated which is a class A misdemeanor without the existence of a prior conviction. At the guilty plea hearing, Brown agreed with the State's version of what occurred at the time of arrest which established the factual basis for the guilty plea. Because Brown admitted committing the offense of driving while intoxicated and he received alternative misdemeanor sentencing, only the conviction entered as a class D felony must be vacated. Our supreme court has determined that a defendant always has the burden to demonstrate that an alleged error is prejudicial. *Gray v. State* (1991), Ind., 579 N.E.2d 605; *Edwards v. State* (1985), Ind., 479 N.E.2d 541.

When Brown entered his plea of guilty, the agreement stated that alternative misdemeanor sentencing should be imposed in accordance with IC 35–50–2–7(b). The trial judge accepted Brown's plea and sentenced him according to the State's recommendation which provided as follows:

"A[lternative] M[isdemeanor] S[entencing]: 365 days w/311 days suspended w/credit for 27 actual days and 27 credit days; 365 days probation w/180 days at VoA w/alcohol evaluation and treatment and no use of alcohol as conditions of probation; 1 year license suspension; f[ines] and c[osts] to court."

*Record* at 13. The sentence Brown received was one that may be imposed even without the existence of a prior conviction.[3] Because Brown was not sentenced as a class D felon, but rather, as a class A misdemeanant, he has failed to demonstrate how he suffered any prejudice when the trial judge sentenced him in accordance with the alternative misdemeanor sentencing provisions.

While Brown testified at the post-conviction hearing that he would not have pled guilty had he known that the prior convictions were invalid, *see record* at 128–29, our supreme court has determined that the post conviction court possesses exclusive authority to weigh the evidence and determine the credibility of the witnesses. *Turner v. State* (1991), Ind., 580 N.E.2d 665;

3. Ind.Code 35–50–3–2 (1988) provides that "A person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than one (1) year; in addition, he may be fined not more than five thousand dollars ($5,000)."

*Stewart v. State* (1988), Ind., 517 N.E.2d 1230. The post-conviction court was entitled to disbelieve Brown's self-serving testimony. *See Turner, supra; Stewart, supra.*

We therefore conclude that the trial court did not err in denying Brown's petition for post-conviction relief. However, because the two previous class A misdemeanor convictions were vacated by virtue of the trial court's earlier grant of post-conviction relief, we must remand this case for correction of the judgment of conviction.

Judgment affirmed with instructions to the trial court that Brown's judgment of conviction be entered as a class A misdemeanor.

SULLIVAN and CONOVER, JJ., concur.