**Michael L. KESSLER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 03A01–9206–CR–166.**

Supreme Court of Indiana.

June 4, 1993.

Andrew C. Maternowski, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., of Indiana and Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

CRIMINAL PETITION TO TRANSFER

Per Curiam.

Petition to transfer denied.

DeBRULER, Justice, dissenting to denial of transfer.

Appellant Kessler brought this appeal from his conviction of Operating a Motor Vehicle While Privileges Are Suspended, a Class D Felony. Ind.Code § 9–30–10–16. The Court of Appeals, by memorandum opinion, affirmed the conviction and sentence. Kessler's petition to transfer has been denied by an order of even date with this opinion. I am not in agreement with this order, and would grant transfer and reverse the conviction.

Kessler's driving privileges were suspended by the Indiana Bureau of Motor Vehicles for ten (10) years, based on three (3) prior traffic convictions, and pursuant to I.C. § 9–30–10–4, a provision of the habitual traffic offender statute. Nevertheless, Kessler went ahead and drove a car on the street and was duly arrested. Between the time of arrest and trial, the trial court, in a separate post-conviction action, vacated one of the three convictions that led to the suspension of Kessler's driving privileges, and the State dismissed the underlying case.

At the time of trial on the instant felony charge, the trial court recognized the validity of the intervening post-conviction judgment, but ruled that it made no difference. This ruling by the trial court was consistent with the opinions of the Court of Appeals in *Gentry v. State* (1988), Ind.App., 526 N.E.2d 1187 and *McKeown v. State* (1992), Ind.App., 601 N.E.2d 462. I do not agree with the reasoning in these opinions and similar ones from other jurisdictions.

In *Olinger v. State* (1986), Ind., 494 N.E.2d 310, this Court held that Indiana law allowed the defendant to avoid a thirty-year sentence enhancement, adjudged in the Carroll Circuit Court under I.C. § 35–50–2–8, the general habitual offender statute, by later gaining post-conviction relief in the White Circuit Court vacating a predicate felony conviction. This Court reasoned that the success in the latter court left the finding in the former court without one of the necessary prior convictions. Kessler argues that he faces similar habitual treatment with regards to an invalid status and should be able to raise the fact of the invalidity of that status in his defense.

The Court of Appeals and other courts have found several reasons to reject the claim made by Kessler, including, (1) the focus in statutes of this type is on the mere fact of conviction or the mere fact of the adjudication of habitual offender status, (2) approval of the claim would frustrate the legislative scheme for all practical purposes, and (3) these statutes are not recidivist statutes because they require no proof of prior convictions.

In Indiana, driving while one's license is suspended or revoked is either a Class A infraction, a Class A misdemeanor, a Class D felony, or a Class C felony. I.C. § 9–24–18–5; I.C. §§ 9–30–10–16 and –17. None of these four offenses specifically refers to convictions, but each refers to suspensions or revocations, which in turn require convictions for driving violations. The more egregious the history of bad driving conduct, the more heightened is the level of offense. This is so, while the conduct in each offense remains the same. This ser-

ies of statutes reflects a focus, not on the "mere fact" of an adjudication of status, but upon the dangerous driving habits and propensities of the individual which such an adjudication evidences. The series is, I find, sufficiently like the pure recidivist statute considered in *Olinger,* to be treated the same. Finally, I am not persuaded that such same treatment would result in undue frustration of the legislative scheme.