STATE of Indiana, Appellant–Plaintiff,

v.

Shawn MESSENGER, Appellee–
Defendant.

No. 49A05–9312–CR–472.

Court of Appeals of Indiana,
Fifth District.

April 28, 1995.

Pamela Carter, Atty. Gen. of Indiana and Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellant.

D. Michael Bowman and Michael A. Ksenak, Bowman & Ksenak, Indianapolis, for appellee.

## OPINION

RUCKER, Judge.

The State of Indiana charged Shawn Messenger with Operating a Vehicle while Intoxicated,[1] and Operating a Vehicle with ten hundredths percent or more by weight of alcohol in his blood.[2] Both charges were filed as Class D felonies because Messenger had been previously convicted of OWI.[3] On motion by Messenger, the trial court dismissed the enhanced charges reasoning that the prior conviction on which the enhancements were based had been vacated. The State appeals contending that the trial court erred in entering its order of dismissal. We agree and therefore reverse.

Messenger has a history of alcohol related traffic offenses. In August 1988, he was charged with and convicted of Operating a Vehicle While Intoxicated, as a Class A misdemeanor. Three years later Messenger

1. Ind.Code § 9–30–5–2.

2. Ind.Code § 9–30–5–1.

3. Ind.Code § 9–30–5–3.

was again charged with Operating a Vehicle While Intoxicated. This time, however, the charge was enhanced to a Class D felony because of the 1988 conviction. Messenger pled guilty to the enhanced charge on August 19, 1991.

The offenses on which the instant appeal are based were filed February 13, 1993. Specifically, Messenger was charged with Operating a Vehicle While Intoxicated with a Prior Conviction of Operating while Intoxicated ("OWI With a Prior") and Operating a Vehicle with ten hundredths percent or more by weight of alcohol in his blood with a Prior Conviction of Operating while Intoxicated ("Operating with .10% with a Prior OWI"). Both offenses were based on Messenger's 1991 conviction.

Although the record is not clear concerning the exact date, at some point Messenger filed a petition for post-conviction relief challenging his 1988 conviction. The petition was granted. Thereafter, in July 1993, while the instant charges were pending, Messenger filed a petition before the Madison County Court (County Court) where the judgment of conviction had been originally entered, seeking to correct the 1991 conviction. According to Messenger the 1991 conviction for OWI with a Prior was no longer correct because the 1988 conviction on which the 1991 conviction was based had been set aside by way of post conviction relief. The County Court agreed and entered an order which dictated in relevant part:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that SHAWN E. MESSENGER's *conviction dated August 19, 1991, for operating a motor vehicle while intoxicated with a prior conviction should be and hereby is vacated and set aside.* That Entry of Conviction of operating a motor vehicle while intoxicated as a Class A misdemeanor should be and hereby is entered of record and the Defendant's driver's license should be suspended for a period of thirty (30) days with credit, and a probationary license for a period of one hundred eighty (180) days with credit is hereby ORDERED.... The Indiana Bureau of Motor Vehicles is further ORDERED to show

an Entry of Conviction ... showing that SHAWN E. MESSENGER is convicted of operating a motor vehicle while intoxicated as a Class A misdemeanor and his license is suspended for a period of thirty (30) days with full credit as of the date of this Order, and a probationary license for a period of one hundred eighty (180) days with full credit as of the date of this Order....

DATED: *July 13, 1993*

*Record* at 28–29 (emphasis added).

Armed with the foregoing order, Messenger filed in the Marion Municipal Court ("trial court") a Motion To Dismiss the pending charges of OWI With a Prior and Operating with .10% with a Prior OWI. According to Messenger because the County Court corrected the 1991 conviction by vacating it, and entering a new OWI conviction dated July 13, 1993, he now does not have a conviction prior to February 1993. The trial court agreed and dismissed the charges as enhanced. Thus, the charges now pending against Messenger are OWI, and Operating With .10%. Both charges are Class A misdemeanors. This interlocutory appeal ensued.

The State contends the trial court erred in dismissing the enhanced charges. According to the State the County Court only vacated the enhanced portion of the 1991 conviction and did not vacate the conviction as it related to the Class A misdemeanor. Thus, the State continues, as of February 1993, when the instant offenses were filed, Messenger still had a prior OWI offense dated August, 1991. Messenger counters that the County Court's order is clear and unambiguous. In sum, the County Court specifically vacated *in toto* the 1991 conviction and entered a new conviction dated July 13, 1993. Messenger argues now as he did before the trial court that because of the County Court's order, he now no longer has a "prior" conviction of OWI.

In support of his contention Messenger cites *Brown v. State* (1993), Ind.App., 613 N.E.2d 69, *trans. denied,* and asserts that it is dispositive of the issue before us. In *Brown,* the defendant sought post-conviction relief from his plea of guilty to OWI With a Prior, a Class D felony. That offense was predicated on two prior offenses for OWI

which had been set aside because of constitutional infirmities. We remanded the case with instructions to the trial court to enter a judgment of conviction as a Class A misdemeanor. In so doing we noted that several Indiana cases have determined that a sentence enhancement under the habitual offender statute may not stand when the underlying conviction is vacated. *Id.* at 70 citing *Olinger v. State* (1986), Ind., 494 N.E.2d 310 and *Coble v. State* (1986), Ind., 500 N.E.2d 1221.

■ *Brown* provides Messenger no refuge. That case essentially stands for the proposition that the charge of OWI With a Prior, as a Class D felony, can only be treated as OWI as a Class A misdemeanor where the predicate offense has been vacated. Our determination in that regard was critical because *Brown* not only represented a case of first impression in this state, but also case authority was conflicting on whether a defendant could collaterally attack a prior conviction by challenging the underlying conviction. *See, e.g., Lewis v. United States* 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980); *Gentry v. State* (1988), Ind.App., 526 N.E.2d 1187, *trans. denied,* compare *Olinger,* 494 N.E.2d 310, and *Coble,* 500 N.E.2d 1221.

■ The issue is now settled. An enhanced conviction of OWI With a Prior cannot stand where the predicate offense has been vacated. However, that determination is not dispositive of the question before us. Messenger contends that the predicate offense in this case has been vacated and thus the trial court properly dismissed the instant charges as Class D felonies. We disagree.

Indiana Code § 9–30–5–3 provides in pertinent part:

A person who violates section 1 or 2 of this chapter commits a Class D felony if:

(1) the person has a previous conviction of operating while intoxicated; and

(2) the previous conviction of operating while intoxicated occurred within the five (5) years immediately preceding the occurrence of the violation of section 1 or 2 of this chapter.

The enhancement provisions under the foregoing statue are analogous to the enhancement provisions under the habitual offender statute. *See* Ind.Code § 35–50–2–8(b). For example, our courts have held that the bifurcated proceedings for habitual offender charges apply equally to Class D Felony charges under the intoxicated driver statutes. *Smith v. State* (1983), Ind.App., 451 N.E.2d 57. In the habitual offender context, once a defendant has been adjudicated an habitual offender, he does not receive a separate sentence for that status. Rather, the felony for which the defendant is convicted is enhanced by a number of years. *Lewis v. State* (1987), Ind., 512 N.E.2d 1092; *Abron v. State* (1992), Ind.App., 591 N.E.2d 634, *trans. denied.* A defendant's successful challenge to the habitual offender determination does not affect the predicate offense. Rather, the enhancement is vacated but the underlying charge remains undisturbed. *See, e.g., Spivey v. State* (1994), Ind.App., 638 N.E.2d 1308; *Slocumb v. State* (1991), Ind., 573 N.E.2d 427; *Jaske v. State* (1989), Ind., 539 N.E.2d 14; *Henderson v. State* (1989), Ind., 534 N.E.2d 1105.

■ The same result is required where a defendant successfully challenges the enhancement of his conviction for OWI. The enhanced portion of the offense may be vacated. However, the underlying offense is left undisturbed. Thus, when Messenger successfully challenged his 1991 conviction of OWI With a Prior, arguing that it could not stand as a Class D felony because the charge on which the enhancement was based had been set aside, the predicate offense of OWI as a Class A misdemeanor was not affected. Indeed, the Municipal Court's order indicated that Messenger's "conviction ... for *operating a motor vehicle while intoxicated with a prior conviction* [OWI With a Prior] should be and hereby is vacated and set aside." *Record* at 28 (emphasis added). The court did not vacate or set aside the underlying offense of OWI. Although the order is dated August 13, 1993, we do not interpret it as a judgment of conviction for a new charge as of that date. Rather, Messenger was convicted of the predicate offense of OWI as a Class A misdemeanor on April 19, 1991. Only the enhanced portion of the offense was set aside on August 13, 1993. Because Messenger's

1991 conviction of OWI was not affected by the Municipal Court's order, Messenger had a prior conviction of OWI when the State filed the instant charges. The trial court's order of dismissal is therefore erroneous and must be reversed.

Judgment reversed.

SHARPNACK, C.J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

The majority correctly states that where a defendant successfully challenges a prior conviction which gave rise to an enhancement of an OWI offense, "[t]he enhanced portion of the offense *may* be vacated." Op. at 704 (emphasis supplied).

The fact remains, however, that is not what the Madison County Court did on July 13, 1993. Rather, the court vacated the entire conviction. It did not merely vacate the enhancement portion. The order is clear and unambiguous in this respect. Furthermore, the court ordered the Bureau of Motor Vehicles to expunge "said August 19, 1991 *conviction*". Appellant's Brief at 6 (emphasis supplied). It did not order only the enhancement expunged.

The order of July 13, 1993, vacated and set aside the prior conviction. The conviction was for OWI and that conviction was enhanced by reason of the 1988 conviction. The order further sets forth that "[e]ntry of conviction [of OWI] *should be and hereby is entered.*" Op. at 703 (emphasis supplied). The date of that order and therefore the date of the entry of conviction was July 13, 1993. It did not purport to be a nunc pro tunc entry as of August 19, 1991.

The Appellee's position is well taken. On February 13, 1993, when he committed the instant offense, he did not have a valid prior conviction.