**Julie A. GARDINER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 08A02–0810–CR–874.**

Court of Appeals of Indiana.

March 31, 2009.

Transfer Granted June 16, 2009.

Michael B. Troemel, Lafayette, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Karl M. Scharnberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

ROBB, Judge.

*Case Summary and Issue*

Julie Gardiner appeals the trial court's modification of her sentence for dealing in methamphetamine within 1000 feet of a public park, a Class A felony, to twenty years all to be executed at the Department of Correction. For our review, Gardiner raises a single issue: whether the trial court erred when it determined that Indiana Code section 35–50–2–2(b)(1) (the "non-suspension rule") prohibited it from suspending any portion of Gardiner's twenty-year sentence where Gardiner had a prior Class D felony conviction that was subsequently reduced to a Class A misdemeanor conviction. Concluding that Gardiner's prior conviction triggers the non-suspension rule, we affirm.

*Facts and Procedural History*

On February 10, 2005, Gardiner was charged in Hamilton County with possession of chemical precursors with intent to manufacture controlled substances, a Class D felony. On March 2, 2007, Gardiner pled guilty to the Class D felony charge in return for the State's promise that it would not object to the conviction being reduced to a Class A misdemeanor if Gardiner successfully completed her one-year probation sentence. On February 8, 2008,

the Hamilton County trial court, upon a petition to modify sentence from Gardiner, reduced Gardiner's conviction from a Class D felony to a Class A misdemeanor.

On March 9, 2006, the State charged Gardiner in Marion County with dealing in methamphetamine within 1000 feet of a public park, a Class A felony. On July 13, 2007, following a jury trial, Gardiner was convicted and sentenced to thirty years with ten years suspended to supervised probation. At the sentencing hearing, the trial court determined that Gardiner's sentence could not be suspended below the statutory minimum of twenty years because she had a prior unrelated felony.

Gardiner appealed her conviction in this court raising inter alia the issue of whether the trial court improperly determined that her sentence could not be suspended beyond the statutory minimum. This court, declining to speculate upon the possibility of future sentence modification, held that the Class D felony triggered the non-suspension rule and affirmed her sentence.[1] See Gardiner v. State, No. 08A02–0708–CR–739, 2008 WL 880513, at *3–4 (Ind.Ct.App. April 3, 2008).

Following her appeal, Gardiner filed a petition to modify sentence in the Marion County trial court. The trial court held a hearing on June 12, 2008. Following the hearing, the trial court remarked on her "conduct after sentencing," the "good things" Gardiner had accomplished while incarcerated, and her "change of attitude." Transcript at 49. The trial court reduced Gardiner's sentence from thirty years to twenty years, but still ordered the twenty years be executed at the Department of Correction because it believed the non-suspension rule still applied. The trial

court stated that it was modifying to the extent it believed it had authority and that it would modify the sentence further if given the choice. Gardiner now appeals.

### Discussion and Decision

 Gardiner asks us to determine, as a matter of first impression, whether Indiana Code section 35–50–2–2(b)(1) prohibits a trial court from imposing an executed sentence below the statutory minimum when the defendant has a prior conviction for a Class D felony which has been subsequently reduced to a Class A misdemeanor. Generally, we review a trial court's decision to modify a sentence only for an abuse of discretion. See Myers v. State, 718 N.E.2d 783, 789 (Ind. Ct.App.1999). However, because the facts here are not in dispute and the issue presents a pure question of law, namely the interpretation of the statute, our standard of review is de novo. See Houston v. State, 898 N.E.2d 358, 361 (Ind.Ct.App.2008).

### I. Statutory Authority

 Indiana Code section 35–50–2–2(b)(1) allows the trial court to suspend only that portion of a sentence that is in excess of the minimum sentence when the crime committed was a Class A felony and the person has a prior unrelated felony conviction. At the time of Gardiner's sentencing on the Class A felony, she had a prior unrelated Class D felony conviction. Subsequently, the Hamilton County trial court, pursuant to Gardiner's petition to modify her conviction based on fulfilling the terms of her plea agreement, reduced Gardiner's conviction from a Class D felo-

---

1. Gardiner's Class D felony was reduced to a Class A misdemeanor after the parties had filed their briefs in the direct appeal, but before this Court handed down its decision. However, the modification of Gardiner's conviction was not brought to this Court's attention prior to its decision.

ny to a Class A misdemeanor.[2] Gardiner argues because her prior unrelated felony conviction has now been reduced to a misdemeanor conviction, the non-suspension rule should no longer apply, and the trial court should be free to suspend her sentence below the statutory minimum.

Indiana Code section 35–50–2–1(b) excludes from the definition of "felony conviction" a conviction for a Class D felony, which, at the time of conviction, is entered as a Class A misdemeanor pursuant to Indiana Code section 35–50–2–7(b). However, the Hamilton County trial court did not enter a judgment of conviction of a Class A misdemeanor at the time of trial. Rather, Gardiner entered into a guilty plea agreement whereby the State would not object to her petition to modify her conviction to a Class A misdemeanor after the successful completion of a one-year probation sentence. Thus, it is not clear that the later modification of Gardiner's conviction from a Class D felony to a Class A misdemeanor retroactively excludes the offense from the statutory definition of a "felony conviction."

No Indiana court has addressed the issue of whether a reduction of a prior conviction from a felony to a misdemeanor pursuant to the terms of a plea agreement affects the application of the non-suspension rule in Indiana Code section 35–50–2–2(b)(1). *But see State v. Messenger*, 650 N.E.2d 702, 704 (Ind.Ct.App.1995) ("An enhanced conviction of OWI With a Prior cannot stand where the predicate offense has been vacated."); *Spivey v. State*, 638 N.E.2d 1308, 1312 (Ind.Ct.App.1994) ("An habitual offender verdict which was based upon a predicate offense subsequently set aside for constitutional reasons must be vacated.") However, the Model Penal Code states that an order vacating a judgment of conviction following an offender's early discharge from probation or parole or following an offender's avoidance of further criminal activity subsequent to the completion of an executed sentence "has only prospective operation" and "does not preclude consideration of the conviction for purposes of sentence if the defendant subsequently is convicted of another crime." § 306.6(3). In addition, our supreme court reached a similar conclusion as dicta in *Hutcherson v. State*, stating:

> "It is the general rule that a judgment holds fast as a final determination until such time as it may be reversed. There was no reversal of petitioner's prior conviction in this case, as the Court of Appeals' opinion clearly indicated it was modified and not reversed. Therefore, this prior judgment remained a felony conviction...."

441 N.E.2d 962 (Ind.1982). Similarly here, Gardiner's D felony conviction was not vacated or reversed. Rather the Hamilton County trial court's order reads, "[t]he conviction is now modified to a Class A Misd." Appellant's App. at 36.

We are sympathetic to the argument that application of the non-suspension rule under these circumstances fails to account for Gardiner's good behavior. Pursuant to the existing scheme, if the Hamilton County trial court had immediately reduced Gardiner's prior Class D felony to a Class A misdemeanor, then the trial court would have the discretion to order a suspended sentence now. However, because the Hamilton County trial court postponed the reduction of the prior conviction in order to evaluate Gardiner's behavior while under judicial supervision, the trial court now

**2.** Indiana Code section 35–50–2–7 also allows a trial court discretion to enter a judgment of conviction of a Class A misdemeanor and sentence accordingly under certain conditions.

has no discretion to suspend the sentence below the statutory minimum. In the former instance, the non-suspension rule would not apply regardless of Gardiner's subsequent behavior, but in the circumstances before us, the nonsuspension rule applies in spite of Gardiner's good behavior. We are frustrated by a sentencing scheme that so illogically limits the sentencing judge's discretion. Rather, we believe that Indiana's sentencing scheme should encourage judges to sentence defendants based on their demonstrated behavior rather than on speculation about future behavior, and we invite the legislature to consider amending the statutes to provide such discretion.

Despite our frustration, the current relevant statutes do not grant such discretion. Indiana Code section 35–38–1–17 specifically makes the subsequent reduction or suspension of a felony sentence contingent upon the non-suspension rule. Although the non-suspension rule grants the trial court discretion in the decision to "suspend any part of a sentence for a felony," it limits the trial courts discretion when the defendant has a prior unrelated felony. Ind.Code § 35–50–2–2. Indiana Code section 35–50–2–1(b) specifically excludes a Class D felony conviction that is immediately entered as a Class A misdemeanor and a conviction from which a person has been pardoned from the definition of a felony conviction; however, the statute does not specifically exclude a felony conviction that is subsequently modified to a misdemeanor. In addition, the Legislature repealed a statute granting the trial court discretion to reduce a sentence under similar circumstances. *See* Ind.Code § 35–38–1–23 (1998) (allowing trial court

to reduce a sentence where a convicted felon had successfully completed an educational, vocational, or substance abuse program and "had demonstrated a pattern of behavior consistent with evidence of rehabilitation.") (repealed by Pub.L. No. 183–1999, § 4).

▮ Therefore, we hold that the non-suspension rule in Indiana Code section 35–50–2–2(b)(1) remains in effect after a prior unrelated Class D felony conviction is subsequently reduced to a Class A misdemeanor. Rather, the application of the non-suspension rule depends upon the status of the prior criminal conviction at the time of sentencing for the subsequent criminal conviction.

This holding applies only when a defendant is initially convicted (or pleads guilty) and sentenced for a Class D felony and the conviction is subsequently modified to a Class A misdemeanor. This holding does not apply where a defendant is found guilty of a Class D felony but the trial court enters a conviction for a Class A misdemeanor pursuant to Indiana Code section 35–50–2–7(b). *See* Ind.Code § 35–50–2–1(b) (excluding such a conviction from the definition of felony conviction). This holding also does not apply where an initial Class D felony conviction is vacated after review by the trial court or by this Court.[3]

In so holding, we do not wish to minimize the importance of Gardiner's positive behavior while incarcerated. Gardiner has obviously taken many steps to turn her life in a positive direction, and we encourage her to continue such behavior. Through her continued positive behavior, Gardiner

---

**3.** The dissent states Indiana courts have allowed similar relief under the habitual offender statutes. However, the cases cited by the dissent all involve prior felony convictions that were vacated on appeal or in post-convic-

tion relief proceedings. Such cases would not fall within the rule we announce in this opinion, and we do not find them dispositive under these circumstances.

has the ability to significantly reduce her time spent in prison and to better prepare herself to live a law-abiding life following her release.

### Conclusion

At the time of her conviction and sentence for the Class A felony, Gardiner had a prior unrelated Class D felony conviction. Therefore, the trial court is prohibited from suspending her sentence below the statutory minimum of twenty years. Even though her Class D felony conviction was later modified to a Class A misdemeanor, the non-suspension rule continues to apply. As a result, the trial court did not err when it refused to modify Gardiner's executed sentence below twenty years.

Affirmed.

CRONE, J., concurs.

BROWN, J., dissents with separate opinion.

BROWN, Judge dissenting.

I respectfully dissent from the majority's conclusion that the trial court lacked the ability to suspend Gardiner's sentence below the minimum sentence. I do not find the Model Penal Code or *Hutcherson v. State,* 441 N.E.2d 962 (Ind.1982), cited by the majority, to be determinative or persuasive here. In fact, Indiana courts have allowed similar relief under the habitual offender statutes. *See, e.g., Coble v. State,* 500 N.E.2d 1221, 1223 (Ind.1986) (holding that a defendant sentenced as an habitual offender who later successfully challenges one of his predicate offenses may have his habitual offender status and sentencing enhancement vacated through post-conviction relief or a motion to correct erroneous sentence); *Olinger v. State,* 494 N.E.2d 310, 311 (Ind.1986); *State v. Jones,* 819 N.E.2d 877, 881 (Ind.Ct.App.2004), *trans. denied.*

I would not accord Ind.Code § 35–50–2–2(b)(1) or Ind.Code § 35–50–2–1(b) such strict interpretation as to tie the trial court's hands and give the court no discretion to suspend Gardiner's minimum sentence when circumstances warrant a modification of sentence. I believe that among legislative concerns is ultimate fairness. Further, I would not let the policy of more severely punishing repeated criminal activity outweigh the public policy of rewarding good behavior subsequent to sentencing, especially where, as here, the trial court believes a reduction to be just.

For these reasons, I respectfully dissent.