**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

May 23 2013, 8:28 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ROY AUSTIN SMITH**
Wabash Valley Correctional Facility
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROY AUSTIN SMITH, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1209-PC-783 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
The Honorable Christina R. Klineman, Master Commissioner
Cause No. CR81-017E

**May 23, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

In 1982, Roy Austin Smith was convicted of murder and found to be a habitual offender. In 2007, he sought post-conviction relief ("PCR"). The State asserted the defense of laches. The PCR court denied Smith's petition. On all of Smith's claims relating to his murder conviction, the PCR court concluded that the State had carried its burden on the elements of its laches defense. However, the PCR court addressed the merits of Smith's claims relating to his habitual offender finding and found that he had failed to carry his burden of proof.

Smith now appeals the denial of his PCR petition. He argues that the PCR court committed error relating to the State's laches defense. However, based on his statements at the PCR evidentiary hearing, his motion to strike the State's tender of laches evidence, and his arguments on appeal, it is apparent that Smith is seeking relief only for his habitual offender finding. Smith's claims on appeal address only the PCR court's laches conclusion that affects his murder conviction. Because the PCR court did not decide Smith's habitual offender claims based on laches, Smith's arguments are misplaced. Therefore, we affirm.

**Facts and Procedural History**

In 1982, Smith was convicted of murder and being a habitual offender and sentenced to an executed term of sixty years for the murder enhanced by thirty years for the habitual offender finding. His convictions and sentence were affirmed on direct appeal. *Smith v. State*, 468 N.E.2d 512 (Ind. 1984). On September 21, 2007, Smith filed pro se a PCR

2

petition and filed amended petitions on April 14 and July 20, 2010.[1] The State asserted the affirmative defense of laches.

On May 4, 2011, the PCR court held an evidentiary hearing on Smith's petition. Smith appeared pro se. He called no witnesses and told the PCR court that he did not wish to testify on his own behalf and that "[e]verything I'm complaining about is in the record." PCR Tr. at 5. The record of the underlying proceedings was admitted. The State asked for additional time to complete its laches investigation and "submit any laches affidavit." *Id.* at 16. The State explained that it would "either file laches affidavits or … a notice that the State is not tendering any." *Id.* at 17. The PCR court told Smith that he could respond to the State's laches determination.

On August 12, 2011, the State filed its tender of laches evidence, which included (1) an affidavit from a Erin Cronley, a paralegal in the Marion County Prosecutor's Office, as to her efforts to contact witnesses and her failure to receive any responses as well as her discovery that some officers in the case had died, (2) an information and judgment of conviction from a 2004 case, in which Smith was convicted of attempted murder,[2] and (3) a faxed copy of an affidavit from Dr. Robert Ransburg, who performed the autopsy on Smith's murder victim. The State also requested that it be allowed to substitute the faxed copy of the doctor's affidavit with the original affidavit upon receipt via mail, which the PCR court

---

[1] None of Smith's PCR petitions are included in his appellant's appendix.

[2] The State explained that the documents relating to Smith's 2004 convictions were included "to support the State's laches argument that he had additional contact with attorneys before he filed for this PCR in 2007." PCR Tr. at 22.

granted. On August 22, 2011, the State filed a motion for an additional sixty days to file the original of the doctor's affidavit, which the PCR court granted. On October 27, 2011, the State filed its final tender of laches evidence, and the PCR court set a laches hearing.

On November 30, 2011, the PCR court held a hearing on the State's laches defense to ensure that Smith had received copies of the State's exhibits, which he had, and to give him an opportunity to respond. The PCR court asked Smith if he would like to testify or present any evidence. Smith replied that he was "just going off the record." PCR Tr. at 20. The PCR court informed Smith that he could state his position and also submit something in writing. Smith was sworn in and testified as follows:

> [I]t's my understanding the prosecutor – the State is filing a laches as a defense in this case and it's also my understanding the laches defense only applies if it affects the State's ability to retry me. I'm back on the habitual and *if you was to vacate the habitual which is the relief I'm asking for in my PC*, then that'll just leave me with the 60 years and I've already served the 60-year sentence so I can't be tried on that and as you know, in post-conviction proceeding laches only applies when it affects the State's ability to retry me. I don't think I can be retried on anything from my understanding.

*Id*. at 22 (emphasis added).

On March 7, 2012, Smith filed a motion to strike State's tender of laches evidence, which stated in relevant part,

> 13. Petitioner contends that the State cannot be prejudiced by an absence of any of the witnesses listed in Erin Cronley's affidavit as none of those witnesses have any relevant testimony to offer at petitioner's evidentiary hearing now concluded and there is no scenario that can be contemplated or can exist where petitioner will face retrial, if the court vacates the habitual offender finding.
>
> ….

4

21. Petitioner objects to State's Exhibit 3, the affidavit of Doctor Robert Ransburg. What relevant testimony could Dr. Ransburg provide concerning the issues presented in petitioner's petition for post-conviction relief. [sic] And if Dr. Ransburg were allowed to give some type of testimony, where would Dr. Ransburg's testimony be given. Not the post-conviction court and not the trial court so as a result, how is doctor Ransburg's testimony or presence be [sic] relevant.

Appellant's Supp. App. at 3-4, 5.

On May 5, 2012, the PCR court set June 15, 2012, as the date for the parties to submit proposed findings of fact and conclusions of law. On September 11, 2012, the PCR court issued its findings of fact, conclusions of law, and judgment denying Smith relief. Regarding the State's laches defense, the court's judgment reads in pertinent part,

The Court concludes that the State has proven both elements of its affirmative laches defense by a preponderance of the evidence. Smith's [PCR petition] is accordingly denied, as to claim VI[6] and as to *all other claims to the extent that success on said claims would result in a retrial of Smith on the murder charge*.

[[6]Claim VI in Smith's Amended Petition filed July 28, 2010, essentially alleges ineffectiveness of trial counsel for failure to object to lack of trial court jurisdiction due to non-filing of charging information, probable cause affidavit, arrest warrant, and amended information.

It is also worth noting that, Smith's testimony on November 30, 2011, could be interpreted to express *his intent to proceed only on issues pertaining to the habitual offender*, though he did not expressly withdraw Claim VI.]

5

Appellant's Br. at 50 p. 10 (emphases added).  However, the PCR court did *not* apply the State's laches defense to Smith's habitual offender claims and decided those claims on the merits against Smith.[3]

Smith appeals.

## Discussion and Decision

Smith represented himself at the post-conviction level and is self-represented on appeal. A defendant or convicted person who proceeds pro se "'accepts the burdens and hazards incident to his position.'" *Boykin v. State*, 702 N.E.2d 1105, 1106 n.1 (Ind. Ct. App. 1998) (quoting *Houston v. State*, 553 N.E.2d 117, 118 (Ind. 1990)).  "Pro se litigants without legal training are held to the same standard as trained counsel and are required to follow procedural rules." *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct .App. 2004) *trans. denied.*

Smith challenges the PCR court's rulings granting the State an extension of time to determine if it would pursue its laches defense and granting the State's request to submit evidence in support of its laches defense.  The State's laches evidence was relevant only to Smith's murder conviction and *not* his habitual offender finding.  Smith stated at the

---

[3] The claims that failed on the merits were Smith's claims that his trial counsel was ineffective for "failure to raise the issue of whether fundamental error occurred," which the PCR court interpreted as failure to object (1) "when the information was amended to add the habitual offender count as a matter of substance less than thirty (30) days before the omnibus hearing," (2) "when the trial court failed to conduct a hearing … to determine whether good cause existed in order to allow the State to amend the information to add the habitual offender count as a matter of substance more than ten (10) days after the omnibus hearing," (3) "when the State failed to comply with the 'Lawrence procedure,' then after the State had rested on the principle [sic] charge, the State notified Smith for the first time that the State intended to seek enhancement … [with] the habitual offender count," and (4) "when Smith was denied his … right to be represented by counsel at all stages of the proceedings when the trial court conducted an exparte [sic] hearing where the trial court received and granted the State's motion to amend the information to include the habitual offender count." *Id*. at 50 pp. 11-16 (quotation marks omitted).

evidentiary hearing that he was proceeding only on his claims pertaining to his habitual offender finding. PCR Tr. at 22. His motion to strike the State's tender of laches evidence shows that he believed that the State's laches evidence was irrelevant to his habitual offender claims. On appeal, Smith's claims of prejudice relate only to his habitual offender finding, and the relief he requests is for the thirty-year habitual offender enhancement to be vacated. Appellant's Br. at 43, 45-46, 47, 49. However, because the PCR court did not apply the State's laches defense to Smith's claims relating to his habitual offender finding, Smith's arguments on appeal are misplaced. The PCR court decided Smith's habitual offender claims on the merits, and Smith does not challenge the court's decisions on the merits.[4] Accordingly, we affirm the PCR court's denial of Smith's PCR petition.

Affirmed.

ROBB, C.J. and FRIEDLANDER, J., concur.

---

[4] As for Smith's argument that the PCR court erred in holding an evidentiary hearing on the laches issue without permitting him to present evidence other than evidence relating to the laches issue, we observe that an evidentiary hearing on the merits of his claims had already been held on May 4, 2011, and he had been given the opportunity then to present evidence. The evidence that he claims he was denied an opportunity to present could have been, and should have been, presented at the May 4, 2011, hearing on his PCR petition. Accordingly, this argument is without merit.