**James COBLE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1285 S 497.

Supreme Court of Indiana.

Dec. 12, 1986.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant, James Coble, appeals the denial of his motion to correct erroneous sentence pursuant to Ind.Code § 35–38–1–15, and invokes the jurisdiction of this Court pursuant to Appellate Rules 4(A)(7) and 4(B) and Post-Conviction Rule 1, § 7. On April 6, 1983, he was convicted on two counts of burglary, and found to be a habitual offender. These convictions and sentences were affirmed on appeal. *Coble v. State* (1985), Ind., 476 N.E.2d 102.

Meanwhile on May 24, 1984, Coble initiated a post-conviction relief proceeding in a separate case, seeking to vacate a guilty plea entered March 7, 1974, which lead to his conviction of second degree burglary. This was one of the two prior convictions which resulted in the April, 1983, habitual offender determination. On December 26, 1984, the post-conviction court entered judgment setting aside the guilty plea because the defendant had not been first informed that by pleading guilty he waived his right to a speedy jury trial. His guilty plea was vacated prior to the revised rule implemented with our recent decision in *White v. State* (1986), Ind., 497 N.E.2d 893.

Defendant thereupon filed a motion to correct erroneous sentence asserting that since one of the two felony convictions supporting the habitual offender determination had been vacated, his resulting 30-year habitual offender sentence enhancement should be set aside. Faced with this issue without the benefit of our recent decision in *Olinger v. State* (1986), Ind., 494 N.E.2d 310, the trial court denied the motion.

The State maintains that defendant should be required to attack his prior convictions either before or during the habitual offender proceeding and that the prior convictions were valid when the jury determined defendant was a habitual offender. After rejecting this argument the *Olinger* opinion summarily concluded that the vacated underlying felony conviction "left the habitual offender finding ... without one of the necessary supporting prior convictions." 494 N.E.2d at 311.

The State now also argues that the sentence imposed after a habitual finding is the sentence for the new crime, not a reimposition of sentence for any prior felony; and that the purpose of such enhanced sentence is to more severely penalize persons who are undeterred from criminal activity despite their prior convictions. This principle would be violated by allowing a repudiation of a jury's habitual offender finding, since the later post-conviction relief in no way alters the truth of the fact that at the time of the most recent offense, the defendant was undeterred by his record of two or more prior convictions.

We must reject this argument because it is not consistent with the statutory language. In defining the phrase "two prior unrelated felony convictions," our habitual

offender statute, Ind.Code § 35–50–2–8, provides:

> (b) After he has been convicted and sentenced for a felony committed after sentencing for a prior unrelated felony conviction, a person has accumulated two (2) prior unrelated felony convictions. However, a conviction does not count for purposes of this subsection if:
>
> (1) it has been set aside; or
>
> (2) it is one for which the person has been pardoned.

Thus, where a person commits a third felony following his conviction for two prior unrelated felonies, but is successful in setting aside one of the underlying felony convictions before being found a habitual offender in connection with the third felony, the statute would clearly preclude the use of the vacated conviction as support for the habitual offender determination. This result is contrary to the State's argument emphasizing the function of habitual offender sentencing to penalize more severely those persons who are undeterred by two or more prior convictions. Since the statute would preclude use of prior convictions set-aside *after* commission of the third felony but *before* the habitual offender trial, it is consistent with the rationale and plain language of the statute that habitual offender sentence enhancement also cannot be based upon prior convictions which are set aside *after* the habitual offender determination.

Deprived of the support of one of its two underlying felony convictions, defendant's habitual offender status and resulting sentence enhancement cannot stand.

The trial court's judgment is reversed, and this case is remanded for resentencing.[1]

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

SHEPARD, J., dissents without opinion.

1. The trial court's options on resentencing are discussed in *Williams v. State* (1986), Ind.App.,

494 N.E.2d 1001 (pet. transfer pending).