**Floyd P. POORE, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 29A02–9211–CR–566.**

Court of Appeals of Indiana,
Second District.

May 18, 1993.

Susan K. Carpenter, Public Defender, Ruth Johnson, Deputy Public Defender, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

Floyd P. Poore appeals from the denial of his Motion to Correct Erroneous Sentence.

We reverse and remand.

### ISSUES

Did the trial court err in denying Poore's Motion to Correct Erroneous Sentence?

### FACTS

In 1987, Poore was convicted of one count of burglary, a class B felony,[1] and found to be an habitual offender.[2] He received a twenty-year sentence enhanced by thirty years.[3] In 1990, one of the prior felony convictions upon which the habitual offender finding was based was vacated in a post-conviction proceeding. On October 24, 1991, Poore filed a Motion to Correct Erroneous Sentence, pursuant to IC 35–38–1–15 (1988), in which he attached his habitual offender determination and enhanced sentence. In denying Poore's motion, the trial court stated:

> While it may be argued that the Supreme Court did not specifically prohibit

---

1. *See* IC 35–43–2–1 (1988).

2. *See* IC 35–50–2–8 (1992 Supp.).

the use of a motion to correct erroneous sentence to challenge an habitual offender enhancement when an underlying conviction has been set aside, both the Bench and Bar have some responsibility to follow cues and suggestions which are clearly announced. Accordingly, the Court now finds that I.C. 35–38–1–15 is not an appropriate procedural mechanism to challenge an habitual offender enhancement whose underlying convictions have been vacated.

Record at 79.

Poore filed a Motion to Correct Errors. As alternative relief Poore requested the trial court to dismiss his Motion to Correct Erroneous Sentence, rather than to deny it, in order to avoid any res judicata effect should he seek post-conviction relief. The court denied Poore's Motion to Correct Errors; Poore appeals.

### DISCUSSION

Poore contends that a motion to correct erroneous sentence pursuant to IC 35–18–1–15 is an appropriate procedural mechanism to challenge an habitual offender enhancement after an underlying conviction has been vacated.

Considerable confusion has existed as to the appropriate procedure to attack a sentence. In *Thompson v. State* (1979), 270 Ind. 677, 679, 389 N.E.2d 274, 276, our supreme court stated that in order to conserve judicial time and effort while speedily and efficiently affording justice to persons convicted of a crime, it would allow a defendant to attack his sentence by either a motion to correct an erroneous sentence or by a petition for post-conviction relief. However, the court also stated a preference for the post-conviction remedy because it would afford the benefit of "finally closing the door to post-conviction remedies." *Id.* Subsequently, the supreme court recognized that the discretion afforded a defendant by *Thompson* was too unconfined.

---

3. This conviction was affirmed by the court of appeals in a memorandum decision, Cause No. 29A02–8911–CR–00562.

*Thompson* was drafted partly in response to some confusion over what procedure to follow....

However, it is well-settled now that while the statutory procedure may be utilized to correct an erroneous sentence, the preferred procedure is by way of a petition for post-conviction relief. The use of the statutory procedure should be limited to those instances where the sentence is erroneous on its face. The use of Ind.Code § 35–38–1–15 is proper for errors in sentencing similar to those which an appellate court would hold to be fundamental and would correct even if presented for the first time on appeal. Such fundamental error would include illegal sentences in violation of express statutory authority or an erroneous interpretation of a penalty provision of a statute. Not included within the type of fundamental error that may be raised under the statute would be constitutional issues or issues concerning how the trial court weighed factors in imposing sentence.

*Jones v. State* (1989), Ind., 544 N.E.2d 492, 496 (citations omitted).

Most recently, in *Reffett v. State* (1991), Ind., 571 N.E.2d 1227, the supreme court reiterated its position that a post-conviction proceeding is the "preferred" procedure by which a defendant should attack a sentence, reserving the statutory procedure for circumstances "where the sentence is erroneous on its face," and finding that "facial error occurs when the sentence violates express statutory authority." *Id.* at 1229 (citing *Jones,* 544 N.E.2d at 496). Accordingly, Poore argues that whenever an underlying felony which was a basis for a defendant's habitual offender determination is vacated, the enhanced sentence violates the express statutory authority of the habitual offender statute and constitutes facial error, thus allowing the defendant to use the statutory remedy.

We agree that a motion to correct erroneous sentence under IC 35–38–1–15 is appropriate when the defendant's sentence is facially defective; however, we define a facially defective sentence as a sentence that violates express statutory authority *at the time* the sentence is pronounced. For example, a sentence is facially invalid if it falls outside the statutory parameters for the particular class felony or, as in *Reffett,* it contravenes the statutory provision that a guilty plea court is bound by the terms of an accepted plea agreement. *See* IC 35–35–1–2(a)(4) (1988). This definition, which limits the circumstances under which the statutory remedy can be used, has the advantage of providing a speedy and expeditious procedure to a defendant who wishes to question only the propriety of his sentence based solely on the statutory authority existing at the time of sentencing. Requiring all other attacks upon a sentence to be made in a post-conviction proceeding (including an attack upon a formerly valid sentence that subsequently becomes subject to attack because of a change in circumstances, such as the vacation of an underlying felony conviction) has the benefit of advancing the policy of finality. As the supreme court recognized in *Reffett,* 571 N.E.2d at 1229, "a petition for post-conviction relief [is] preferred because it 'serves the substantial purpose of "finally closing the door to post-conviction remedies." ' " (quoting *Thompson,* 270 Ind. at 679, 389 N.E.2d at 276 (quoting *Owen v. State* (1975), 167 Ind.App. 258, 263, 338 N.E.2d 715, 718)).

Thus, a defendant who wishes to attack his sentence for any reason other than that the sentence is facially invalid, i.e., at the time the sentence is pronounced, it contravenes existing statutory authority, must include in his petition for post-conviction relief any other alleged defect in the entire criminal proceeding, or thereafter face a closed door to post-conviction remedies occasioned by the doctrine of waiver.

In conclusion, we agree with the trial court's analysis that the statutory motion to correct erroneous sentence is not the appropriate procedural mechanism to challenge an habitual offender enhancement when a conviction underlying the enhancement is subsequently vacated. Nevertheless, we must vacate the trial court's judgment denying Poore's motion in order to avoid prejudicing Poore by the further dis-

tinction we make today between the statutory remedy and the post-conviction remedy. Had Poore's Motion to Correct Erroneous Sentence been verified, we would remand the cause with instructions to treat the motion as a petition for post-conviction relief and to afford Poore the opportunity to file an amended petition should he so desire. However, because the motion is not verified, we vacate the trial court's judgment and remand the cause with instructions to the trial court to dismiss Poore's motion without prejudice to any claim he may have to post-conviction relief.

Judgment reversed and cause remanded to the trial court with instruction to dismiss Poore's Motion to Correct Erroneous Sentence without prejudice to his right to file a Petition for Post–Conviction Relief in compliance with Ind.Post–Conviction Rule 1.

FRIEDLANDER and SULLIVAN, JJ., concur.