**Robert BOYKIN, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 49A02–9807–PC–615.

Court of Appeals of Indiana.

Dec. 10, 1998.

Robert Boykin, pro se.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

ROBB, Judge.

### Case Summary

Appellant–Defendant, Robert Boykin ("Boykin"), appeals the post-conviction court's refusal to vacate his guilty plea. We affirm in part and reverse in part.

### Issues

■ Boykin raises several issues for our review.[1] We find the following dispositive:

I. Whether the post conviction court erred by not vacating Boykin's entire plea agreement upon a finding that Boykin's habitual offender conviction was subsequently vacated.

### Facts and Procedural History

The facts most favorable to the judgment show that in 1990 Boykin pleaded guilty to: auto theft,[2] resisting law enforcement,[3] and being an habitual offender.[4] The plea agreement ("Plea I") stated that Boykin would be sentenced to four years for the auto theft, enhanced by eight years due to Boykin's status as an habitual offender, and three years for resisting law enforcement, both sentences to be served consecutively. In a separate plea agreement ("Plea II"), Boykin pleaded guilty to robbery[5]; he was to receive a fifteen year sentence to be served concurrent with the sentence received under Plea I. At the sentencing hearing, the trial court changed Plea I because the theft sentence exceeded the statutory minimum; thus, the sentence was changed to three years.

The total executed sentence, therefore, was 14 years under Plea I and 15 years under Plea II, both sentences to be served concurrently. In 1991, Boykin sought post-conviction relief. His request was denied by the post conviction court. This Court affirmed that denial, but it remanded for resentencing because Boykin was improperly sentenced as a D felony habitual offender.[6] *Boykin v. State*, No. 49A02–9203–PC–104, slip op. at 7, 597 N.E.2d 393 (Ind.Ct.App.1992). Because Boykin could have received the same total executed sentence on resentencing, we also decided that the correction of his sentence did not require the withdrawal of Boykin's guilty plea. *Id.* at 8. The trial court changed the sentence of auto theft to one year, enhanced by ten years, for the same total sentence. Boykin appealed his resentencing, but this Court affirmed the same. *Boykin v. State*, 622 N.E.2d 568 (Ind.Ct.App. 1993), *trans. denied.*

In 1994, one of the convictions underlying Boykin's habitual offender conviction was set aside. Accordingly, Boykin filed this successive petition for post-conviction relief. The post-conviction court vacated the habitual offender conviction but refused to vacate Boykin's guilty plea. This appeal ensued.

### Discussion and Decision

Boykin argues that the post conviction court erred by not vacating his entire plea agreement.[7] In particular, Boykin argues that once the habitual offender conviction was vacated, the terms of the plea agreement changed, necessitating the vacation of the same. We agree in part and disagree in part.

■ In his petition for post conviction relief, Boykin had to prove by a prepon-

---

1. Mr. Boykin has elected to proceed with this appeal pro se. A defendant who proceeds pro se "accepts the burdens and hazards incident to his position." *Houston v. State*, 553 N.E.2d 117, 118 (Ind.1990). The issue listed above is the only argument we can discern, and therefore, it is the only argument we will address. We deem any and all other issues waived.

2. Ind.Code § 35–43–4–2.5.

3. Ind.Code § 35–44–3–3.

4. Ind.Code § 35–50–2–8.

5. Ind.Code § 35–42–5–1.

6. Ind.Code § 35–50–2–7.1, *repealed by* P.L. 164–1993, SEC.14.

7. Boykin argues that by vacating the habitual offender sentence in Plea I, the post conviction court altered the terms of Plea II as well as Plea I. Accordingly, Boykin argues that Pleas I *and* II should be vacated. We find this argument without merit. As Plea I is the only plea agreement with an altered sentence, we will only consider whether some or all of Plea I should be vacated.

derance of the evidence that he was entitled to the relief he sought. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993). The post conviction court has the sole authority to weigh the evidence and determine the credibility of witnesses. Upon review of its decision, this court will only consider the evidence supporting the judgment and all reasonable inferences to be drawn therefrom. *Id.* For Boykin to prevail on this appeal, he must show that "the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court." *Id.*

Ind.Code § 35–35–3–3(e) [8] prohibits courts from increasing or decreasing the length of a sentence after accepting a plea agreement. *Roe v. State*, 598 N.E.2d 586, 588 (Ind.Ct.App.1992), *reh'g denied, trans. denied (criticized on other grounds by* 652 N.E.2d 550, 551–552); *Golden v. State*, 553 N.E.2d 1219, 1221 (Ind.Ct.App.1990), *trans. denied.* In the present case, Boykin argues that when the post-conviction court vacated his habitual offender conviction, the court altered his sentence for Auto Theft. We agree. The habitual offender statute does not set forth a separate offense; rather, an habitual offender conviction is an enhancement of the sentence for the underlying conviction. Ind.Code § 35–50–2–8; *see also Short v. State*, 443 N.E.2d 298, 301 (Ind. 1982). Thus, as this court determined in *Roe*, once an habitual offender conviction is vacated, the sentence for the underlying conviction has been altered, and therefore, it must also be vacated. 598 N.E.2d at 588. Accordingly, we conclude that Boykin's conviction for Auto Theft, the conviction underlying his habitual offender conviction, was altered when his habitual offender conviction was vacated. As a result, Boykin's conviction for Auto Theft must be vacated.[9,10]

However, we also conclude that the remainder of Boykin's plea agreements, the balance of Plea I and all of Plea II, remains effective.[11] Boykin's arguments to the contrary are without merit. In *Golden*, this court held that when a court vacates a conviction, it is not altering the sentences for the defendant's other convictions because the sentences for the other convictions remain unaltered. 553 N.E.2d at 1221; *see also Roe*, 598 N.E.2d at 588, n. 3 ("We note that altering the sentence under a plea agreement is different from vacating a conviction under a plea agreement."). The post-conviction court in this case did not alter any of the other sentences contained in the plea agreement. Accordingly, we conclude that the remainder of Boykin's plea agreement remains intact.[12]

Affirmed in part and reversed in part and remanded with instructions to vacate Boykin's conviction and sentence for Auto Theft.

KIRSCH and STATON, JJ., concur.

---

8. Formerly Ind.Code § 35–35–3–3(d).

9. The State cites *Snyder v. State*, 668 N.E.2d 1214 (Ind.1996), in support of the contention that once an habitual offender conviction is vacated, the sentence for the underlying offenses remain intact. In *Snyder*, however, the defendant only pleaded guilty to the underlying offenses. The plea agreement left the habitual offender charge pending. The defendant was later convicted of being an habitual offender following a bench trial. Thus, the sentence under the plea agreement did not include the habitual offender enhancement, and therefore, we assume that the sentence *pursuant to the plea agreement* was not altered when the habitual offender conviction was vacated.

10. Prohibitions against double jeopardy do not bar the State from refiling the Auto Theft charge, *Roe*, 598 N.E.2d at 588; for, a void judgment does not put a defendant in jeopardy. *Id.* See also *Niece v. State*, 456 N.E.2d 1081, 1084 (Ind. Ct.App.1983).

11. After the vacation of the Auto Theft conviction, the final sentence under Plea I will be three years, to run concurrently with a fifteen year sentence under Plea II. Thus, Boykin's original sentence, a total of fifteen years, will remain unchanged following this appeal.

12. Boykin also argues that his plea of guilty in Plea I and Plea II was involuntary and unintelligent because he was not advised that by pleading guilty to the charges outlined therein, he was waiving his right to a jury determination on his habitual offender status. We find no merit in Boykin's argument. The record indicates that Boykin was adequately informed that he was giving up his right to a jury trial by pleading guilty to the charges in both Plea I and Plea II.