**STATE of Indiana, Appellant–Respondent,**

v.

**Charlie M. JONES, Appellee–Petitioner.**

No. 49A05–0409–PC–508.

Court of Appeals of Indiana.

Dec. 29, 2004.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General Indianapolis, IN, Attorneys For Appellant.

Susan K. Carpenter, Public Defender of Indiana, Lloyd E. Sally, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

BAKER, Judge.

Appellant-respondent State of Indiana appeals the post-conviction court's grant of appellee-respondent Charlie M. Jones's petition for post-conviction relief. In particular, the State contends that the post-conviction court erred in vacating Jones's habitual offender status after Jones suc-

cessfully vacated one of his underlying felony convictions because: (1) rather than being found by a verdict to be a habitual offender, Jones admitted to the status in a guilty plea; and (2) the vacation of the prior felony conviction does not negate the fact that at the time Jones admitted his status, the convictions existed. Finding no error, we affirm.

## FACTS

The facts most favorable to the judgment are that on May 22, 1998, the State charged Jones with the following: Attempted Robbery,[1] a class B felony, Criminal Confinement,[2] a class B felony, Robbery,[3] a class B felony, Criminal Recklessness,[4] a class D felony, and Robbery,[5] a class C felony. On June 15, 1998, the State charged Jones with being a Habitual Offender.[6] To support the habitual offender status, the State pointed to Jones's two prior robbery convictions in 1991 and 1996.

On June 7, 1999, the parties submitted a plea agreement in which Jones agreed to plead guilty to attempted robbery, class B felony robbery, class C felony robbery, and to being a habitual offender. On June 7, 1999, the trial court conducted a guilty plea hearing, establishing the factual basis for the plea. After the trial court placed Jones under oath and queried whether the State's recitation of the present robberies was correct, Jones said that it was. Jones then admitted to the two prior felony convictions.

After taking the plea under advisement, on July 12, 1999, the trial court sentenced Jones, according to the terms of the agreement, as follows: (1) twenty years for attempted robbery; (2) ten years for class B felony robbery, enhanced by twenty years for Jones's habitual offender status, with ten years suspended and five of them to be served on probation; and (3) eight years for class C felony robbery. The judge ordered the sentences to be served concurrently, and Jones therefore received an aggregate sentence of twenty years imprisonment and five years of probation.

On April 3, 2000, Jones filed his petition for post-conviction relief, challenging the legitimacy of his prior felony convictions. On March 24, 2003, the post-conviction court vacated Jones's 1991 felony conviction because in 1991, Jones was a juvenile who was charged in an adult court without being provided a juvenile waiver hearing. Therefore, the post-conviction court concluded that the 1991 trial court did not have jurisdiction over Jones.

On July 22, 2003, Jones filed an Amended Petition for Post–Conviction Relief, in which he contended that as a result of the vacation of the 1991 felony conviction, his habitual offender status and resulting sentence enhancement should be vacated. On May 3, 2004, the post-conviction court granted Jones's petition and set aside Jones's guilty plea, resulting convictions, and habitual offender enhancement. The State now appeals.

## DISCUSSION AND DECISION

The State contends that the post-conviction court erred in granting Jones's petition for post-conviction relief. Specifically, it argues that Jones is not entitled to his requested relief because: (1) he pleaded

---

1. Ind.Code § 35–41–5–1; Ind.Code § 35–42–5–1.

2. I.C. § 35–42–3–3.

3. I.C. § 35–42–5–1.

4. I.C. § 35–42–2–2.

5. I.C. § 35–42–5–1.

6. Ind.Code § 35–50–2–8.

guilty to habitual offender status rather than being convicted based upon a verdict; and (2) the vacation of the prior felony conviction does not negate the fact that at the time Jones admitted his status, the underlying convictions existed.

As we consider the State's arguments,[7] we note that we will not set aside the findings or judgment of the post-conviction court unless clearly erroneous, and we give due regard to the trial court's opportunity to judge the credibility of the witnesses. Ind. Trial Rule 52(A); *see also State v. Eubanks*, 729 N.E.2d 201, 204 (Ind.Ct.App. 2000), *trans. denied.* The clearly erroneous standard is a review for sufficiency of the evidence, and we will neither reweigh the evidence nor judge the credibility of witnesses, considering only the evidence that supports the judgment and reasonable inferences to be drawn therefrom. *Ben–Yisrayl v. State*, 738 N.E.2d 253, 258–59 (Ind.2000), *cert. denied.* We will reverse only upon a showing of "clear error" that leaves us with a definite and firm conviction that a mistake has been made. *Id.* at 258.

Indiana Code section 35–50–2–8(a) provides that a defendant may be sentenced as a habitual offender if he has accumulated two or more prior unrelated felony convictions. The statute goes on to note, however, that a prior conviction does not support a habitual offender determination if it has been set aside or if it is one for which the defendant has been pardoned. I.C. § 35–50–2–8(d)(1)–(2).

The State contends that because Jones admitted to his status as a habitual offender rather than being convicted, he must prove that he is not a habitual offender by proving that he did not commit the predicate offenses. According to the State, the vacation of the 1991 felony conviction does not rise to the appropriate level of proof.

As support for its position, the State points to two habitual offender decisions handed down by our supreme court. *See Butler v. State*, 658 N.E.2d 72 (Ind.1995); *Weatherford v. State*, 619 N.E.2d 915 (Ind. 1993). In *Weatherford*, the defendant was convicted for dealing in a controlled substance and for being a habitual substance offender based on three prior convictions. Weatherford challenged his habitual offender status in a post-conviction proceeding by contending that the State failed to prove during his trial the date on which he committed one of the prior offenses. In essence, therefore, he attacked the sufficiency of the evidence underlying his habitual offender status. Our supreme court concluded that Weatherford could not "prevail simply by putting the State to its proof as though the case were being tried or appealed in the first instance. Instead, Weatherford must demonstrate that he was not an habitual offender under the laws of the state." *Weatherford*, 619 N.E.2d at 917–18. The supreme court concluded that Weatherford failed to meet this burden and affirmed the post-conviction court's denial of relief. *Id.* at 918.

In *Butler*, the defendant pleaded guilty to operating a vehicle while intoxicated resulting in death or serious bodily injury and to being a habitual offender. Butler subsequently challenged his habitual offender status in a post-conviction proceeding by contending that while the Indiana Code requires two prior substance convictions as class A misdemeanors or felonies

---

7. Although the post-conviction court's "Findings of Fact and Conclusions of Law Granting Post–Conviction Relief" are included in the Appendix that was filed with this court, we remind the State of Indiana Appellate Rule 46 A(10) which provides in pertinent part that the appellant's *brief* "shall include any written opinion, memorandum of decision or findings of fact and conclusions thereon relating to the issues raised on appeal."

to qualify for habitual offender status, one of his prior offenses was only a class C misdemeanor. Butler contended that he was unaware of this distinction when he pleaded guilty to being a habitual substance offender. In essence, therefore, Butler contended that there was an insufficient factual basis for his habitual offender status. After concluding that the post-conviction court properly found that the predicate offense was a class A misdemeanor, our supreme court held that to obtain relief, Butler must "prove plainly that he is not an habitual offender—that he did not commit the predicate offenses ...." *Butler*, 658 N.E.2d at 78. Our supreme court held that Butler did not meet his burden and affirmed the post-conviction court's denial of relief. *Id.*

Both *Weatherford* and *Butler* are factually distinguishable from this case. Here, Jones first set aside a prior felony conviction that supported his habitual offender status *before* he challenged the validity of that status. In neither *Weatherford* nor *Butler* did the defendant proceed in the same way. Indeed, both of the defendants in those cases were essentially challenging the sufficiency of the evidence supporting their habitual offender status and an underlying predicate offense. Here, in contrast, Jones waged a successful collateral attack on a prior conviction before challenging his habitual offender status, then contending that as a result, his habitual offender conviction violated Indiana Code section 35–50–2–8. The facts and circumstances of this case are distinguishable from *Weatherford* and *Butler,* and those cases are inapplicable here as a result.

The State also cites these two cases as support for its proposition that a post-conviction petitioner challenging a conviction following a guilty plea stands in a different posture than a post-conviction petitioner who challenges a conviction based

upon a verdict. But these cases simply do not make any distinction between the two types of defendants. Indeed, in *Butler,* the defendant pleaded guilty to the offense and to the habitual offender status. Our supreme court treated Butler and Weatherford in the same way, requiring them both to demonstrate that they were not habitual offenders, notwithstanding that Butler pleaded guilty while Weatherford was convicted based upon a verdict. While the *Butler* court discusses the factual basis determination that must be made by the trial court before acceptance of a guilty plea, it in no way suggests that a defendant who pleaded guilty to habitual offender status should be treated any differently than one who was convicted based upon a verdict when challenging that status in a post-conviction petition. Thus, we decline to draw a distinction between a defendant who pleaded guilty to habitual offender status and one who was convicted based on a verdict for the purpose of challenging the habitual offender determination in a post-conviction petition.

The State next directs us to *State v. Hammond,* 761 N.E.2d 812 (Ind.2002), which it cites as support for its argument that the relevant time of the habitual offender status is the time it was determined, not at some later time after the status may have changed. The *Hammond* defendant was a habitual traffic offender, implicating an entirely separate and independent statute than the one at issue in this case. *See* Ind.Code § 9–30–10–16. Whereas the habitual criminal offender statute provides that a habitual offender determination cannot be supported by a prior felony conviction that has been set aside, *see* I.C. § 35–50–2–8(b), there is no such language pertaining to a prior conviction supporting a habitual traffic offender determination pursuant to Indiana Code section 9–30–10–16. We find the language included in the habitual criminal offender

statute and omitted from the habitual traffic offender statute to be noteworthy, and conclude from that discrepancy that for the purpose of setting aside a habitual offender determination based upon the vacation of one of the predicate offenses, the two statutes are sufficiently dissimilar that they are not applied in the same way. We therefore decline to apply the *Hammond* holding to this case.

Jones contends that the two cases that apply most directly to his situation are *Olinger v. State*, 494 N.E.2d 310 (Ind. 1986), and *Coble v. State*, 500 N.E.2d 1221 (Ind.1986). In both cases, as here, one of the predicate offenses supporting the defendant's habitual offender status was vacated and the defendant then filed a post-conviction petition challenging the habitual offender determination. Focusing on the statutory language providing that a conviction does not count for purposes of a habitual offender determination if it has been set aside, our supreme court held that the "habitual offender sentence enhancement ... cannot be based upon prior convictions which are set aside *after* the habitual offender determination." *Coble*, 500 N.E.2d at 1223 (emphasis in original). In both *Olinger* and *Coble*, our supreme court reversed the post-conviction court's denial of post-conviction relief because the defendants' habitual offender status and resulting sentence enhancement could not stand once deprived of the support of one of the two underlying felony convictions. *Id.; Olinger*, 494 N.E.2d at 311.

Our review of the statutory language and our supreme court's interpretation thereof leads us to conclude that the post-conviction court here properly granted Jones's petition. Although the State contends that *Olinger* and *Coble* should not apply here because the defendants in those cases were convicted based upon a verdict, as opposed to Jones, who pleaded guilty,

as discussed above, there is no support for the State's contention that we should treat the two types of defendants differently. The habitual offender statute states plainly that "a conviction does not count for purposes of this subsection if ... it has been set aside." I.C. § 35–50–2–8(b)(1). That Jones's 1991 felony conviction was vacated after the habitual determination is of no moment inasmuch as the *Coble* court concluded that the timing of the vacation of the underlying predicate offense is not a relevant part of the inquiry. Rather, we must merely examine whether, in fact, a conviction that initially supported the habitual offender determination has been set aside. In this case, it has been. The post-conviction court, therefore, properly granted Jones's petition.

The judgment of the post-conviction court is affirmed.

SHARPNACK, J., and FRIEDLANDER, J., concur.