

FILED

Feb 27 2015, 6:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Bart M. Betteau
Betteau Law Office, LLC
New Albany, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Respondent,*

v.

John J. Arnold,

*Appellee-Defendant*

February 27, 2015

Court of Appeals Case No.
22A05-1408-CR-387

Appeal from the Floyd Circuit Court
The Honorable J. Terrence Cody,
Judge
Case No. 22C01-1212-FA-2843

**Crone, Judge.**

## Case Summary

[1]     The State of Indiana appeals the trial court's grant of John J. Arnold's motion to set aside his habitual offender enhancement.  The State contends that the trial court erred in refusing to vacate Arnold's entire plea agreement when it vacated his habitual offender enhancement.  We conclude that Arnold's motion to set

aside habitual offender enhancement should be treated as a petition for postconviction relief and that the trial court's judgment should be reviewed as an award of postconviction relief. We also conclude that the vacatur of Arnold's habitual offender enhancement would frustrate the basic purpose of the plea agreement, and therefore the trial court erred in not setting the entire agreement aside. Accordingly, we affirm in part, reverse in part, and remand.

## Facts and Procedural History

[2] In December 2012, the State charged Arnold with class A felony attempted murder, three counts of class C felony criminal recklessness causing serious bodily injury by means of a deadly weapon, and being a habitual offender. The State amended the information to add two counts of class D felony failure to stop after an accident resulting in serious bodily injury or death. Apparently, the charges were based on an incident in which Arnold was driving his truck, hit or ran over three individuals, and fled the scene. Tr. at 44.

[3] In August 2013, the parties entered into a plea agreement wherein Arnold agreed to plead guilty to three counts of class C felony criminal recklessness (Counts 2, 3, and 4) and to being a habitual offender (Count 8). Arnold agreed to concurrent sentences of eight years each for the class C felonies and to a sentence enhancement of twelve years for being a habitual offender. Pursuant to the plea agreement, the habitual offender sentence enhancement was

attached to all three criminal recklessness convictions.[1] Thus, both the State and Arnold agreed to an aggregate sentence of twenty years. The State agreed to dismiss all remaining charges.

[4] At the guilty plea hearing in September 2013, Arnold acknowledged that he had three prior felony convictions, two of which were prior unrelated felony convictions as required under Indiana Code Section 35-50-2-8 to support his habitual offender status. One of the felonies was a 2007 class C felony conviction for intimidation in Clark County. The trial court accepted the plea agreement and entered a judgment sentencing Arnold according to its terms.

[5] In the meantime, however, Arnold had filed a petition for postconviction relief in Clark County for his 2007 intimidation conviction. His petition was granted and that conviction was vacated. In December 2013, Arnold filed in this case a motion to set aside habitual offender enhancement because his 2007 Clark County conviction had been vacated. The trial court held a hearing on the motion.

[6] The trial court granted Arnold's motion to set aside the habitual offender enhancement and set another hearing for the parties to present further argument

---

[1] Arnold argues that the habitual offender enhancement was attached only to counts 2 and 4. We disagree. The sentencing section of the plea agreement clearly states, "Concurrent 2, 3, 4 enhanced by the Habitual Offender Count." Appellant's App. at 14. Also, the trial court's sentencing order states, "The sentences in Counts 2, 3, and 4 are enhanced pursuant to Defendant's Habitual Offender Status under Count 8 by a period of 12 years." *Id*. at 18. Attaching the habitual offender enhancement to all three convictions was improper. As we examine further in our discussion and decision section, a habitual offender enhancement must be attached to the sentence of a single conviction.

on whether the rest of the plea agreement should be set aside. Following the hearing, the trial court reaffirmed its order setting aside only the habitual offender enhancement. The State appeals.

## Discussion and Decision

## Section 1 – Arnold's motion to set aside habitual offender enhancement will be treated as a request for postconviction relief.

[7] As an initial matter, the parties dispute the procedural posture of this case. Arnold argues that his motion to set aside habitual offender enhancement was not a request for postconviction relief and that the trial court would only have the authority to set aside his plea agreement in postconviction proceedings. The State argues that Arnold's motion, whatever its title, must be treated as a petition for postconviction relief. We agree with the State.

[8] "Generally, a trial judge has no authority over a defendant after he or she pronounces sentence. Any continuing jurisdiction after final judgment has been pronounced must either derive from the judgment itself or be granted to the court by statute or rule." *State v. Fulkrod*, 735 N.E.2d 851, 852 (Ind. Ct. App. 2000), *aff'd*, 753 N.E.2d 630 (Ind. 2001). Arnold fails to identify any statute or rule establishing a procedure for a motion to set aside a habitual offender enhancement based on the vacatur of an underlying conviction. Although Indiana Code Section 35-38-1-15 permits a convicted person to challenge an erroneous sentence, this statute applies to instances where the sentence "is erroneous on its face." *Koontz v. State*, 975 N.E.2d 846, 848 (Ind. Ct. App.

2012), *aff'd on reh'g*, 983 N.E.2d 194 (2013). Our supreme court has emphasized that "a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). "Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id*. Arnold's motion did not present a claim of error that was clear on the face of the trial court's judgment following his guilty plea.

[9] In fact, another panel of this Court specifically considered the appropriate method by which to challenge a habitual offender enhancement when an underlying conviction has been set aside and concluded that a postconviction proceeding is the proper route. *Poore v. State*, 613 N.E.2d 478, 480 (Ind. Ct. App. 1993). In so holding, the *Poore* court clarified that Indiana Code Section 35-38-1-15 should be limited to those instances where the sentence is facially defective; that is, when a sentence "violates express statutory authority *at the time* the sentence is pronounced." *Id*. Furthermore, we observe that claims of error regarding guilty pleas are governed by the postconviction rules. Indiana Code Section 35-35-1-4(c) provides that a motion to vacate judgment and withdraw guilty plea to correct manifest injustice "shall be treated by the court as a petition for postconviction relief under the Indiana Rules of procedure for Postconviction Remedies."

[10] Arnold contends that he followed the same procedure used by the defendants in *Coble v. State*, 500 N.E.2d 1221 (Ind. 1986), and *Olinger v. State*, 494 N.E.2d 310

(Ind. 1986). In both cases, a jury found the defendant guilty of a felony and of being a habitual offender. In both cases, one of the underlying convictions for the habitual offender finding was vacated and each defendant filed a motion to have the habitual offender enhancement set aside. Each defendant successfully obtained the vacatur of his habitual offender enhancement while the felony to which it attached remained unaffected. *Olinger*, 494 N.E.2d at 311; *Coble*, 500 N.E.2d at 1222-23. The issues raised on appeal in those cases are completely unrelated to the one here, but Arnold argues that because he, like Olinger and Coble, filed a motion to set aside habitual offender enhancement rather than a petition for postconviction relief, he is entitled to seek vacatur only of his habitual offender enhancement and leave the remainder of his plea agreement intact.

[11] In light of *Robinson* and *Poore*, we conclude that *Olinger* and *Coble* are outdated with respect to procedure and that Arnold's reliance on them for the appropriate procedure is misplaced. We conclude that Arnold's attempt to have his habitual offender enhancement set aside was improperly brought by a motion and should have been brought by a petition for postconviction relief. Furthermore, Arnold's argument that he is entitled to seek vacatur only of his habitual offender enhancement because he filed a motion rather than seeking postconviction relief is unavailing because it is based entirely on *Olinger* and *Coble*.

[12] We acknowledge that Sections 2 and 3 of Indiana Postconviction Rule 1 contain requirements for filing and content that Arnold did not follow.

However, Arnold's motion was heard and ruled on, and therefore in the interests of judicial economy we will treat Arnold's motion to set aside habitual offender enhancement as a request for postconviction relief and review the trial court's judgment accordingly.

## Section 2 – The trial court erred in failing to vacate the plea agreement when it vacated the habitual offender enhancement.

[13] The State contends that the trial court erred in failing to set aside the plea agreement and resulting convictions when it set aside Arnold's habitual offender enhancement. Generally, we review the award of postconviction relief under a clearly erroneous standard pursuant to Indiana Trial Rule 52(A)(3). *State v. Hollin*, 970 N.E.2d 147, 150 (Ind. 2012). In this case, however, the facts are undisputed and the question raised by the State is purely a question of law. *See State v. Metcalf*, 852 N.E.2d 585, 588 (Ind. Ct. App. 2006) ("'[A]n issue presented on appeal is a pure question of law when the question does not require reference to extrinsic evidence, inferences drawn from that evidence, or the consideration of credibility questions.'") (quoting *Bader v. Johnson*, 732 N.E.2d 1212, 1216 (Ind. 2000), *trans. denied*). We review questions of law de novo, giving no deference to the trial court's legal conclusions. *Id.*

[14] We note that the State does not challenge the trial court's decision to set aside Arnold's habitual offender enhancement. Although the factual basis supporting the habitual offender enhancement included three prior felony convictions where only two were required, the State concedes that the two remaining prior

felony convictions cannot support a habitual offender enhancement because they are not "unrelated" for purposes of Indiana Code Section 35-50-2-8.

[15] In addition, the State recognizes this Court's decision in *State v. Jones*, 819 N.E.2d 877 (Ind. Ct. App. 2004), *trans. denied* (2006). There, Jones and the State entered into a plea agreement wherein Jones pled guilty to class B felony attempted robbery, class B felony robbery, class C felony robbery, and to being a habitual offender. Thereafter, one of the convictions underlying Jones's habitual offender adjudication was vacated. He filed an amended petition for postconviction relief, contending that his habitual offender status must be vacated. The postconviction court granted Jones's petition and set aside Jones's entire plea agreement, the resulting convictions, and the habitual offender enhancement. The State appealed, arguing that Jones was not entitled to the requested relief because (1) "Jones admitted to his status as a habitual offender rather than being convicted, [and therefore] he must prove that he is not a habitual offender by proving that he did not commit the predicate offenses;" and "(2) the vacation of the prior felony conviction does not negate the fact that at the time Jones admitted his status, the underlying convictions existed." *Id*. at 878-79. The *Jones* court rejected both these arguments. The *Jones* court noted that "[t]he habitual offender statute states plainly that 'a conviction does not count for purposes of this subsection if ... it has been set aside.'" *Id*. at 881 (quoting Ind. Code § 35-50-2-8(b)(1)). The *Jones* court concluded that Indiana Code Section 35-50-2-8 applied to a habitual offender adjudication resulting from a plea agreement. *Id*.

[16]     The State's sole argument on appeal is that the trial court erred in failing to vacate the entire plea agreement. Another panel of this Court addressed this issue in *Boykin v. State*, 702 N.E.2d 1105 (Ind. Ct. App. 1998). Pursuant to a plea agreement, Boykin pled guilty to auto theft, resisting law enforcement, and being a habitual offender ("Plea I"). Boykin's habitual offender enhancement was attached to his conviction for auto theft. In a separate plea agreement, Boykin pled guilty to robbery ("Plea II") and agreed to a fifteen-year sentence to be served concurrent to the sentence imposed pursuant to Plea I. Later, one of the convictions underlying Boykin's habitual offender enhancement was set aside, and he filed a successive petition for postconviction relief. The postconviction court vacated the habitual offender enhancement but refused to vacate Boykin's plea agreement.

[17]     Boykin appealed, arguing that the postconviction court erred by not vacating his entire plea agreement. The *Boykin* court concluded that vacatur of his habitual offender enhancement mandated that the conviction to which it attached also be vacated. The *Boykin* court reasoned that by vacating the habitual offender enhancement, Boykin's sentence for auto theft was altered because the "habitual offender statute does not set forth a separate offense; rather, an habitual offender conviction is an enhancement of the sentence for [the conviction to which it is attached]." *Id*. at 1107 (citing Ind. Code § 35-50-2-8). The *Boykin* court recognized that courts are prohibited from increasing or decreasing the length of a sentence after accepting a plea agreement. *Id*. (citing Ind. Code § 35-35-3-3(e) ("If the court accepts a plea agreement, it shall be

bound by its terms.")).  Therefore, the *Boykin* court held, "[O]nce an habitual offender conviction is vacated, the sentence for [the conviction to which it is attached] has been altered, and therefore, it must also be vacated."  *Id*. (citing *Roe v. State*, 598 N.E.2d 586, 588 (Ind. Ct. App. 1992), *trans. denied*).  The *Boykin* court concluded that the remainder of Boykin's plea agreement remained effective because the vacatur of the habitual offender enhancement "did not alter any of the other sentences contained in the plea agreement."  *Id*.  The *Boykin* court noted that "the final sentence under Plea I will be three years, to run concurrently with a fifteen year sentence under Plea II. Thus, Boykin's original sentence, a total of fifteen years, will remain unchanged following this appeal."  *Id*. at n.11.

[18]   Pursuant to *Boykin*, the vacatur of Arnold's habitual offender enhancement impermissibly alters the sentence for the conviction to which the enhancement was attached, and therefore that conviction must also be vacated.[2]  Here, the plea agreement erroneously attached the habitual offender enhancement to all three criminal recklessness convictions.  Indiana Code Section 35-50-2-8 provides,

> Habitual offender is a status that results in an enhanced sentence. It is not a separate crime and does not result in a consecutive sentence. The court shall attach the habitual offender enhancement to the felony

---

[2] Arnold contends that *Boykin* does not require that anything other than his habitual offender enhancement be vacated because Boykin sought relief through postconviction proceedings, whereas Arnold filed a motion to set aside habitual offender enhancement.  This argument is unavailing because, as discussed in the previous section, Arnold's motion should have been treated as a petition for postconviction relief.

conviction with the highest sentence imposed and specify which felony count is being enhanced.

[19]  Therefore, a habitual offender enhancement must be attached to a single conviction. However, we can safely ignore the attachment problem in the plea agreement because, as discussed below, we conclude that the entire plea agreement must be vacated. Although we reach a different conclusion from that reached in *Boykin*, we do so based on an argument that was neither presented nor discussed in *Boykin*.

[20]  The State argues that the plea agreement is a contract, and pursuant to contract principles, the vacatur of the habitual offender enhancement requires the vacatur of the entire plea agreement under these circumstances. Arnold does not address this argument. "An appellee's failure to respond to an issue raised by an appellant is akin to failure to file a brief." *Atchley v. State*, 730 N.E.2d 758, 766 (Ind. Ct. App. 2000), *trans. denied*. In such situations, the appellant will win reversal by establishing prima facie error, i.e., "error that is evident at first sight, on first appearance, or on the face of it." *Id*.

[21]  Indiana courts have long recognized that

> a plea agreement is contractual in nature, binding the defendant, the state and the trial court. The prosecutor and the defendant are the contracting parties, and the trial court's role with respect to their agreement is described by statute: "If the court accepts a plea agreement, it shall be bound by its terms." Ind. Code. Ann. § 35-35-3-3(e) (West Supp. 1993).

*Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind. 1994) (citation and quotation marks omitted).  Our supreme court has explained,

> It is true that as a general proposition a contract made in violation of a statute is void and unenforceable.  However it is also true that if a contract contains an illegal provision that can be eliminated without frustrating the basic purpose of the contract, the court will enforce the remainder of the contract. [T]he fact that one part of an agreement may be void or unenforceable does not render the entire agreement void, if the prohibited and valid provisions are severable, and if the parties would have entered the bargain absent the illegal portion of the original agreement. These principles apply even where the illegal or otherwise objectionable provision is prohibited by statute.

*Lee v. State*, 816 N.E.2d 35, 38-39 (Ind. 2004) (citations, quotation marks, and parentheses omitted).

[22]     Here, the State and Arnold negotiated a plea agreement in which Arnold agreed to plead guilty to three class C felony offenses and being a habitual offender and to receive a twenty-year sentence in exchange for the State dismissing the three remaining charges against him which included a class A felony attempted murder charge.  At the vacatur hearing, the State argued that the habitual offender enhancement was "central" to the State's agreement to forgo trial on the class A felony attempted murder charge:

> [T]he State didn't agree to an eight year sentence.  What this Defendant did was a horrific act.  He got in a truck.  He ran over people.  He backed up, ran over more people.  Backed up and tried to run over another person.  He has a violent history.  Eight years was not something that the State of Indiana was going to agree - agree to having - to resolve this case.  The Court well remembers it was set for trial and the State was prepared and willing to go to trial.  The Defense

did not want to go to trial. The Defendant did not want to try these charges.

Tr. at 44-45.

[23] We are persuaded by the State's argument. The State dismissed a class A felony attempted murder charge in exchange for Arnold's agreement to serve a twenty-year sentence. The class A felony exposed Arnold to a thirty-year advisory sentence and a fifty-year maximum sentence. Ind. Code § 35-50-2-4. In vacating the habitual offender enhancement, the trial court changed the sentence the parties had bargained for from twenty years to eight.[3] We cannot say that the State would have entered the agreement without the habitual offender enhancement. We conclude that the habitual offender enhancement cannot be eliminated without frustrating the basic purpose of the contract. Therefore, we conclude that the State has presented a prima facie case that the trial court erred in failing to set aside Arnold's plea agreement when it vacated the habitual offender enhancement.

[24] Accordingly, we affirm the trial court's decision to vacate Arnold's habitual offender enhancement, reverse its decision to keep the remainder of the plea agreement intact, and remand with instructions to vacate the plea agreement

---

[3] In *Boykin*, the vacatur of the conviction to which the habitual offender enhancement was attached did not alter the aggregate sentence the parties had agreed on. 702 N.E.2d at 1107 n.11.

and its resulting convictions and for further proceedings consistent with this opinion.[4]

[25] Affirmed in part, reversed in part, and remanded.

Friedlander, J., and Kirsch, J., concur.

---

[4] The prohibition against double jeopardy does not bar the State from refiling the charges against Arnold. "[A] defendant is not put in jeopardy by a void judgment and may be re-prosecuted on the charge." *Niece v. State*, 456 N.E.2d 1081, 1084 (Ind. Ct. App. 1983); *see also Boykin*, 702 N.E.2d at 1107 n. 10.