## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 29 2016, 6:45 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Romy N. Elswerky<br>Gibson Law Office<br>Lafayette, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Jonathan R. Sichtermann<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony L. Hall,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 29, 2016<br><br>Court of Appeals Case No.<br>79A02-1504-CR-254<br><br>Appeal from the<br>Tippecanoe Superior Court<br><br>The Honorable<br>Randy J. Williams, Judge<br><br>Trial Court Cause No.<br>79D01-1412-F4-4 |

**Kirsch, Judge.**

[1]   Anthony L. Hall was convicted after a bifurcated trial of five counts of possession of a firearm by a serious violent felon ("SVF"),[1] each as a Level 4 felony, and was found to be a habitual offender. He was subsequently sentenced to an aggregate sentence of twenty-one years. Hall appeals, raising the following restated issues for our review:

> I. Whether the trial court abused its discretion when it sentenced him for his five convictions of possession of a firearm by a SVF and a habitual offender enhancement; and
>
> II. Whether the trial court properly attached the habitual offender enhancement to the sentence for Count I.

[2]   We affirm and remand.

## Facts and Procedural History

[3]   On December 4, 2014, Jeffrey Pruitt reported to the police that a burglary had occurred at his residence. When the police arrived at Pruitt's home, they asked him to check the residence to ascertain what had been taken. Pruitt reported that the burglar had taken five firearms from the home, as well as other items.

[4]   A few hours later, officers were dispatched to the parking lot of a Wal-Mart in Lafayette, Indiana on a report of a gunshot being fired in a parked van. Police located the van and ordered the two occupants to exit the vehicle. Hall, who

---

[1] *See* Ind. Code § 35-47-4-5.

had been in the driver's seat, gave consent for the officers to search the van. During the search, the police found five firearms that matched the descriptions of the firearms that Pruitt had reported stolen from his home during the burglary.

[5] The State charged Hall with five counts of possession of a firearm by a SVF, each as a Level 4 felony, one count of burglary as a Level 4 felony, and one count of theft as a Level 6 felony. The State also alleged Hall to be a habitual offender. A jury trial was held, and the jury acquitted Hall on the burglary and theft charges, but found that he had possessed the five firearms; during the second phase of the trial, the trial court convicted Hall of five counts of possession of a firearm by a SVF. The trial court also found Hall to be a habitual offender. At the sentencing hearing, the trial court ordered Hall to serve nine years for each of his five convictions for Level 4 felony possession of a firearm by a SVF, all to run concurrent with each other. The trial court also ordered Count I to be enhanced by an additional twelve years for the habitual offender finding, resulting in an aggregate sentence of twenty-one years. In its sentencing order, the trial court ordered that "the sentence for Count I is enhanced by a period of twelve (12) years based on Count VIII, the Habitual Offender sentencing enhancement." *Appellant's App*. at 49. In the next paragraph, the trial court further ordered that "said sentences in Counts I, II, III, IV, and V shall run concurrently to each other and consecutive to Count VIII for a total sentence of twenty-one (21) years." *Id*. Hall now appeals.

# Discussion and Decision

## I. Abuse of Discretion

Sentencing decisions are within the discretion of the trial court and are reviewed on appeal for an abuse of discretion. *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218. "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* (quoting *K.S. v. State,* 849 N.E.2d 538, 544 (Ind. 2006)). A trial court may abuse its discretion (1) by failing to issue a sentencing statement or (2) by issuing a sentencing statement that bases a sentence on reasons that are not clearly supported by the record; omits reasons both advanced for consideration and clearly supported by the record; or includes reasons that are improper as a matter of law. *Id.* at 490-91.

Hall argues that the trial court abused its discretion in sentencing him because the sentence given was "unduly harsh and manifestly unreasonable."[2] Specifically, Hall contends that his sentence was an abuse of discretion because the trial court used his criminal history to justify elevating his sentences for the

---

[2] To the extent that Hall is arguing that his sentence is manifestly unreasonable, we note that that is no longer the standard Indiana courts apply when reviewing a sentence. *Orta v. State*, 940 N.E.2d 370, 379 n.7 (Ind. Ct. App. 2011). Instead, the applicable standard we now use is whether the sentence is inappropriate in light of the nature of offense and the character of the offender under Indiana Appellate Rule 7(B). *Id.* However, Hall does not make a showing under the current standard. He has, therefore, waived any argument that his sentence is inappropriate for failure to make a cogent argument. *See* Ind. Appellate Rule 46(A)(8); *Perry v. State*, 921 N.E.2d 525, 528 (Ind. Ct. App. 2010).

Level 4 felony possession of a firearm by a SVF to nine years, which is above the advisory sentence. Hall asserts that this was an abuse of discretion because the trial court also used his criminal history to enhance his sentence when it found him to be a habitual offender and sentenced him to an additional twelve years. He, therefore, claims that it was improper for the trial court to use his criminal history to both impose a sentence above the advisory and to enhance his sentence as a habitual offender. Hall further argues that the trial court failed to reasonably articulate why it imposed his sentence.

[8] Here, Hall was convicted of five counts of Level 4 felony possession of a firearm by a SVF. "A person who commits a Level 4 felony shall be imprisoned for a fixed term of between two (2) and twelve (12) years, with the advisory sentence being six (6) years." Ind. Code § 35-50-2-5.5. In sentencing Hall, the trial court found as aggravating factors that he "has a criminal history, . . . was on probation at the time of the instant offense was committed [sic], twelve (12) Petitions to Revoke were filed with four (4) having been found true and two (2) pending, and that previous attempts at rehabilitation have failed." *Appellant's App*. at 47-48. It found as a mitigating factor that Hall had family support. *Id*. at 47. Finding that the aggravating factors outweighed the mitigating factors, the trial court sentenced Hall to nine years for each of his convictions and ordered them to run concurrently. Additionally, in determining that Hall was a habitual offender, the trial court used convictions that were part of Hall's criminal history as support for the habitual offender finding.

[9] Initially, to the extent that Hall is arguing that the trial court abused its discretion when it sentenced him to nine years for each of his convictions for possession of a firearm by a SVF instead of the six-year advisory sentence, this argument has been waived as any alleged error was invited error. Under the invited error doctrine, "'a party may not take advantage of an error that [he] commits, invites, or which is the natural consequence of [his] own neglect or misconduct.'" *Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005). At the sentencing hearing in the present case, Hall's counsel requested that the trial court "order a nine (9) year sentence on the Counts I, II, III, IV and V." *Tr*. at 290. Because Hall specifically requested a nine-year-sentence, any alleged error was invited, and such error is not available for review. *See Wright*, 828 N.E.2d at 907.

[10] Further, as to Hall's argument that the trial court abused its discretion in sentencing him when it used his criminal history to both order a sentence above the advisory and to support a habitual offender enhancement, we find no merit. The criminal sentencing scheme was amended by the General Assembly in 2005 to replace the old presumptive sentence scheme with the current advisory sentence scheme. *Pedraza v. State*, 887 N.E.2d 77, 79 (Ind. 2008). Under the 2005 statutory changes, trial courts no longer "enhance" sentences upon finding aggravators; instead, a trial court can impose any sentence within the statutory range set for the crime, "regardless of the presence or absence of aggravating circumstances or mitigating circumstances." *Id*. at 79, 80. Therefore, when a trial court uses the same criminal history as an aggravator and as support for a

habitual offender finding, it does not constitute impermissible double enhancement of the offender's sentence. *Id*. at 80.

[11] Hall also contends that the trial court abused its discretion because it failed to provide a sufficient explanation as to why it imposed his sentence. We disagree. In its sentencing order, the trial court stated that it found the fact that Hall had family support to be a mitigating factor. It then found as aggravating factors that Hall "has a criminal history, . . . was on probation at the time of the instant offense was committed [sic], twelve (12) Petitions to Revoke were filed with four (4) having been found true and two (2) pending, and that previous attempts at rehabilitation have failed." *Appellant's App*. at 47-48. We conclude that the trial court provided "a reasonably detailed recitation of the reasons for the sentence imposed." *See Suding v. State*, 945 N.E.2d 731, 739 (Ind. Ct. App. 2011), *trans. denied*. The trial court did not abuse its discretion in sentencing Hall.

## II. Habitual Offender Enhancement

[12] Hall contends that the trial court improperly sentenced him when it imposed his sentence for the habitual offender enhancement. He claims that the trial court erred in ordering the sentence for his habitual offender finding to run consecutive to his other concurrent nine-year sentences. Hall alleges that this essentially sentenced him to an additional sentence for being a habitual offender, which the trial court was not permitted to do.

[13] Habitual offender is a status that results in an enhanced sentence. Ind. Code § 35-50-2-8(j). A habitual offender finding does not constitute a separate crime nor does it result in a separate sentence. *Davis v. State*, 935 N.E.2d 1215, 1218 (Ind. Ct. App. 2010), *trans. denied*. When imposing a habitual offender enhancement, the trial court is required to "'attach the habitual offender enhancement to the felony conviction with the highest sentence imposed and specify which felony count is being enhanced.'" *State v. Arnold*, 27 N.E.3d 315, 321 (Ind. Ct. App. 2015) (quoting Ind. Code § 35-50-2-8(j)), *trans. denied*.

[14] In the present case, the trial court ordered that Hall's sentence for Count I be enhanced by twelve years based on the habitual offender finding. *Appellant's App.* at 49. Therefore, the trial court properly treated the habitual offender status as an enhancement, attached it to a single conviction, and specified to which conviction it was attached as it was required to do under Indiana Code section 35-50-2-8. However, the next paragraph of the sentencing order stated that the "sentences in Counts I, II, III, IV and V shall run concurrent to each other and consecutive to Count VIII for a total sentence of twenty-one (21) years." *Id*. We find this additional language to be a misstatement and remand to the trial court for a new sentencing order that does not include such language.

[15] Affirmed and remanded.

[16] Mathias, J., and Brown, J., concur.