## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 30 2020, 11:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ian F. Creamer,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 30, 2020

Court of Appeals Case No.
20A-CR-1192

Appeal from the Tippecanoe Superior Court

The Honorable Randy J. Williams, Judge

Trial Court Cause No.
79D01-2001-F2-3

**Brown, Judge.**

[1]  Ian F. Creamer appeals the trial court's sentencing order and requests remand for a new sentencing hearing. We remand with instructions that the trial court attach Creamer's habitual offender enhancement to his sentence for possession of methamphetamine as a level 3 felony.

## Facts and Procedural History

[2]  On January 23, 2020, Creamer knowingly or intentionally possessed methamphetamine weighing at least twenty-eight grams and altered, damaged, or removed the methamphetamine with the intent to prevent it from being used as evidence. On January 24, 2020, the State charged him with: Count I, dealing in methamphetamine as a level 2 felony; Count II, possession of methamphetamine as a level 3 felony; and Count III, obstruction of justice as a level 6 felony. The State also filed an information alleging Creamer was an habitual offender. On April 22, 2020, Creamer pled guilty pursuant to a plea agreement to possession of methamphetamine as a level 3 felony under Count II and obstruction of justice as a level 6 felony under Count III and admitted to being an habitual offender.

[3]  On May 21, 2020, the trial court sentenced Creamer to twelve years for possession of methamphetamine as a level 3 felony under Count II and two years for obstruction of justice as a level 6 felony under Count III. The court's written sentencing order states "that the defendant be, and he hereby is, sentenced for a period of six (6) years for the Habitual Offender sentencing enhancement," that "said sentences for Count II and III are concurrent to each

other and the Habitual Offender Enhancement is consecutive to Count II and III for a total sentence of eighteen (18) years" and that "[t]he defendant shall execute fourteen (14) years; twelve (12) years at the Indiana Department of Correction and two (2) years with Tippecanoe County Community Corrections." Appellant's Appendix Volume II at 21-22. At sentencing, the court stated: "12 years Count II, 2 years Count III, concurrent. 6 years Count IV consecutive for a total of 18 years. 14 executed, 12 years DOC, 2 years Community Corrections, 4 years to supervised probation." Transcript Volume II at 27.

## *Discussion*

[4] Creamer argues the trial court erred in ordering that the habitual offender enhancement be served consecutive to his sentences on Counts II and III. He notes the habitual offender status is not a separate crime and does not result in a consecutive sentence and the trial court did not specify which felony count was enhanced. He requests remand for a new sentencing hearing.

[5] The State agrees this Court should remand for an amended sentencing order and argues that Creamer is not entitled to a new sentencing hearing and the trial court "can fix the problem by amending the sentencing order to show that Creamer's sentence for possession of methamphetamine is enhanced by six years." Appellee's Brief at 6.

[6] In his reply brief, Creamer argues that "the potential sentence for the habitual offender finding" would be different if the enhancement were applied to his

level 6 felony conviction rather than his level 3 felony conviction and that, "whether labeled as a new sentencing hearing [or] not, . . . some additional proceeding is required to determine which felony conviction the trial court is enhancing." Appellant's Reply Brief at 3-4.

[7] As amended effective July 1, 2014, Ind. Code § 35-50-2-8 provides in part:

> Habitual offender is a status that results in an enhanced sentence. It is not a separate crime and does not result in a consecutive sentence. *The court shall attach the habitual offender enhancement to the felony conviction with the highest sentence imposed and specify which felony count is being enhanced.* If the felony enhanced by the habitual offender determination is set aside or vacated, the court shall resentence the person and apply the habitual offender enhancement to the felony conviction with the next highest sentence in the underlying cause, if any.

(Emphasis added). It is well-settled that an habitual offender finding does not constitute a separate crime nor result in a separate sentence, but rather results in a sentence enhancement imposed upon the conviction of a subsequent felony. *Weekly v. State*, 105 N.E.3d 1133, 1139 (Ind. Ct. App. 2018) (citations omitted), *trans. denied*. An habitual offender enhancement "must be attached to a single conviction." *State v. Arnold*, 27 N.E.3d 315, 321 (Ind. Ct. App. 2015), *reh'g denied*, *trans. denied*.

[8] Accordingly, we remand with instructions that the trial court attach Creamer's habitual offender enhancement of six years to his sentence for possession of

methamphetamine as a level 3 felony under Count II and enter an amended sentencing order.[1]

[9] Remanded.

Robb, J., and Crone, J., concur.

---

[1] This will not impact the length of Creamer's aggregate sentence.